312 So.2d 111 (1975)
VANGUARD UNDERWRITERS INSURANCE COMPANY et al.
v.
RAY'S PLUMBING COMPANY, INC., et al.
No. 10178.
Court of Appeal of Louisiana, First Circuit.
March 10, 1975.
Rehearing Denied May 20, 1975.
*112 Judith Atkinson Chevalier, Baton Rouge, for appellants.
Calvin E. Hardin, Baton Rouge, for defendant-appellee Ray's Plumbing Co., Inc.
Leon Gary, Jr., Baton Rouge, for defendant-appellee Lawson King.
Before LOTTINGER, COVINGTON and BAILES, JJ.
LOTTINGER, Judge.
The Petitioners are Mr. and Mrs. A. Knight Lavender, and their insurance company, Vanguard Underwriters Insurance Company. The defendants are Ray's Plumbing Company, Inc. and Lawson King.
The defendants filed an Exception of Prescription which was maintained by the Lower Court. The petitioners have appealed.
During the year 1969 Lawson King was a general contractor who constructed the Lavender dwelling and Ray's Plumbing Company, Inc. was the sub-contractor who performed all of the plumbing and pipe work installed in the home. The Lavenders took possession of the completed residence in August of 1969. On March 13, 1974 the petitioners filed this present suit wherein they contend that on March 15, 1973 a waterpipe in the attic of the said dwelling burst suddenly and without warning because of inferior material doing extensive damages to the dwelling. They sue the defendants in tort only, not in contract.
The defendants filed an Exception of Prescription and after hearing the Exception the Lower Court maintained same under the theory that the one year tort prescription had run.
The petitioners have taken this appeal.
It is clear that the suit was filed more than one year after the alleged defective work, but it was filed within one year from the date that the alleged damages were sustained. We, therefore, have two issues presented to this Court for consideration:
(1) When does the prescriptive period begin to runwhen the alleged negligent act occurs or when the damage is sustained?
(2) Where does the burden of proof lie?
Article 3536 of the Louisiana Civil Code provides for a one year prescription for damages caused by offenses or quasi offenses. Article 3537 provides as follows:
"The prescription mentioned in the preceding article runs:
With respect to the merchandise injured or not delivered, from the day of the arrival of the vessel, or that on which she ought to have arrived.
And in the other cases from that on which the injurious words, disturbance or damage were sustained * * *"
In 1910, the Supreme Court of this State, speaking through Justice Provosty said:
"A damage can be considered to have been sustained, within the meaning of article 3537, supra, only when it has manifested itself with sufficient certainty to be susceptible of proof in a court of justice." Jones v. Texas & P. Ry. Co., 125 La. 542, 51 So. 582, 583 (1910).
The above case says that the reason the prescription runs only from the day the damages are sustained is that two *113 things must concur for there to be a cause of action in tort: First, a wrongful act, and secondly, some loss caused by the wrongful act. Thus, until the loss occurs and has been revealed, there is no cause of action against which prescription can run.
This same reasoning was followed by the Court in Lucas v. Commercial Union Insurance Co., La.App., 198 So.2d 560, but the Court there pointed out that when the action is brought more than a year after the commission of the wrongful act, the petitioner has the burden to show that he had no knowledge of any prior damages caused by the act, and that the damages on which he now sues were not sustained until some time after the commission of the tort. The Court stated as follows:
"The rationale of the applicable jurisprudence appears to be that the mere commission of a tort does not per se give rise to an action in damages. To entitle one to sue on a tort, he must allege and prove the sustaining of loss or damage as a result thereof. It is the combination of two factors, namely, the tort and resulting damages, that gives rise to the cause of action. Until the damage is sustained, there is no cause of action against the tort feasor. Since plaintiff has no claim until the cause of action has arisen, he must be conscious or aware, as would a reasonable person under similar circumstances, of both the tort and damage before he can sue, consequently prescription does not begin to run against him until he has knowledge of both said indispensable elements of his claim.
It has been held that ignorance of the existence of damages, standing alone, does not interrupt the running of prescription. See Aegis Insurance Company v. Delta Fire & Casualty Co., La. App., 99 So.2d 767, and cases therein cited. We believe, however, the instant case is clearly distinguishable from the Aegis case, supra, and the authorities therein quoted. In the case at hand, accepting plaintiff's allegations as true, it is in effect asserted that not only was plaintiff unaware of his damages on the date of the tort but also that they did not exist coincident with the commission of the tort because said damages were asymptomatic from May 28, until June 2, 1965, during which interval plaintiff could not have sued. This is but another way of saying plaintiff's cause of action did not arise until June 2, 1965, on which date they allegedly became manifest and known."
In Hunter v. Sisters of Charity of the Incarnate Word, La.App., 236 So.2d 565, the injury occurred August 12, 1967, the petitioner was advised as to the medical consequences on November 26, 1967, and suit was filed on November 18, 1968, over one year after the injury occurred and the damages were sustained. The Court held there that the burden of proof rested on defendant pleading prescription unless the petitioner's petition shows on its face that the claim has prescribed. If the petition shows on its face that the claim has prescribed then the plaintiff must allege and prove facts which would show a suspension or interruption of prescription.
The petition filed herein recites that in the construction of the dwelling all of the plumbing and pipe work to be performed, constructed, built and installed in the dwelling was sub-contracted to Ray's Plumbing Company. Following the completion the petitioners moved into the dwelling. Paragraph 6 of the petition recites:
"Thereafter, on March 15, 1973, a waterpipe in the attic of said dwelling burst suddenly causing extensive and severe water damage throughout the dwelling."
Paragraph 12 recites:
"Petitioners have been advised and do so believe that the waterpipe in the attic burst suddenly and without warning because inferior material and labor were used during construction of the plumbing *114 system in the dwelling, thereby resulting in pipes which were incorrectly and unsoundly laid and/or joined together, causing extensive damages as set forth in the foregoing paragraph.
We believe that the above recitations of the petition filed herein tends to negate any knowledge on the part of petitioners as to the defective or negligent work on the part of this sub-contractor. We, therefore, feel that the Exception filed by the defendants should have been overruled.
For the reasons hereinabove given the judgment of the Lower Court will be reversed and the Exception of Prescription filed by the defendants is overruled, and this matter is remanded to the Lower Court for trial on the merits.
Reversed and remanded.