322 So.2d 302 (1975)
Francis MARCEL and wife, Bernice Marcel
v.
HOSPITAL CORP. OF the SISTERS OF SAINT JOSEPH and Argonaut Insurance Co.
No. 10397.
Court of Appeal of Louisiana, First Circuit.
September 25, 1975.
Rehearing Denied November 24, 1975.
*303 Cleveland J. Marcel, Jr., Houma, for appellants.
Anthony D. Ragusa, Jr., Houma, for appellees.
Before LANDRY, BLANCHE and BAILES, JJ.
LANDRY, Judge.
This appeal by plaintiffs, Francis and Bernice Marcel (Appellants) is from judgment dismissing their action for personal injuries allegedly sustained by Mrs. Marcel when she was dropped while being lifted from her bed in Terrebonne General Hospital (Hospital). Plaintiffs' action was brought more than one year following the accident. The trial court sustained a plea of one year's prescription filed on behalf of Hospital and its insurer, Argonaut Insurance Company. We affirm.
The facts are undisputed. On October 15, 1970, Mrs. Marcel was a patient in Terrebonne General Hospital. On said date, while being lifted from her bed by means of a bed sheet, the sheet split and Mrs. Marcel was dropped on the bed railing. Upon falling, her back struck the metal side of her bed. Her physician, Dr. Mathieu, was advised immediately of the incident. Several days thereafter X-rays were taken by Dr. Mathieu, who advised Mrs. Marcel that she was suffering from arthritis. The day following X-ray, Mrs. Marcel was discharged from the hospital.
Mrs. Marcel continued to experience pain upon leaving the hospital. Approximately one month following her discharge, she was readmitted to the hospital where she was treated by Doctors Cinnater, Mack Thomas and Philip Cenac, and also by Ken Barrilleaux, a physical therapist, for a period of one week and then discharged. Thereafter she was administered weekly treatments for arthritis.
In October, 1971, Mrs. Marcel was again hospitalized and seen by Dr. Richard Landry, who took X-rays and discovered that Mrs. Marcel had fractures of her lower spine. On June 27, 1972, plaintiffs instituted this present action.
Appellants concede that their claim is governed by the one year prescriptive *304 period provided by LSA-C.C. arts. 3536 and 3537, and the jurisprudence interpretative thereof. See Cartwright v. Chrysler Corporation, 255 La. 598, 232 So.2d 285. Appellants also acknowledge that since their claim is prescribed on the face of their pleading, Appellants bear the burden of showing interruption of the one year applicable period. Hunter v. Sisters of Charity of Incarnate Word, 236 So.2d 565, (La.App.), and authorities therein cited.
It is settled law that the one year prescriptive period applicable to an action in tort does not commence to run until the injured party becomes aware, as would a reasonable person under similar circumstances, of both the tort and resulting injury. Cartwright v. Chrysler Corporation, 255 La. 598, 232 So.2d 285; Perrin v. Rodriguez, 153 So. 555 (La.App.); Hunter, above.
The applicable rule was stated by the Supreme Court in Cartwright, above, as follows:
"While this court has accepted in certain limited situations the common law doctrine `contra non valentem agere nulla currit praescriptio,' which means that prescription does not run against a person who could not bring his suit, we do not think that plaintiff can find any comfort under the facts of this case in that doctrine. The rule that prescription does not run against one who is ignorant of the existence of facts that would entitle him to bring suit, applies only when such ignorance is not wilful and does not result from negligence, and the doctrine has been limited to cases where the debtor has concealed the fact of the obligation or has committed other acts which tend to hinder, impede or prevent the creditor from ascertaining knowledge of the existence of the debt. See, Ayres v. New York Life Ins. Co.,supra [219 La. 945, 54 So.2d 409].
Also, it is not necessary that the party have actual knowledge of the conditions as long as there is `constructive notice.' Whatever is notice enough to excite attention and put the owner on his guard and call for inquiry is tantamount to knowledge or notice of every thing to which inquiry may lead and such information or knowledge as ought to reasonably put the owner on inquiry is sufficient to start the running of prescription."
Appellants concede their awareness of Mrs. Marcel's continued back pain following the accident. They point out, however, that they were led, from the outset, to believe the pain resulted from arthritis and not from injuries sustained when Mrs. Marcel was dropped in her bed. Appellants also contend they did not learn of the injury until October, 1971, when Dr. Landry advised that Mrs. Marcel had fractures of the lower spine. They urge that prescription did not commence in this instance until they were advised of the injury.
Mr. Marcel was present in his wife's hospital room when the incident occurred. Appellants were aware that Mrs. Marcel experienced back pain immediately following the accident. In essence, Appellants contend her attending physicians incorrectly diagnosed her condition as arthritis, and that she had no means of learning the true cause of her pain as she relied upon their expert opinions.
Nevertheless, the testimony of both Appellants, taken by deposition, clearly shows that both suspected Mrs. Marcel's continued pain resulted from causes other than arthritis. Additionally, Mrs. Marcel's deposition reveals that she was aware she had hurt her back immediately after the accident.
There is no contention here that Hospital concealed facts or circumstances from Appellants or in any manner impeded or prevented Appellants from ascertaining knowledge of Mrs. Marcel's back injury.
We agree that the circumstances obtaining herein are such to have put a *305 reasonably prudent individual on notice and to require further prompt inquiry. Consequently, Appellants must be deemed to have had notice and knowledge of all matters which diligent inquiry may have revealed. Although Appellants may not have known the true and full extent of the effects of the accident, Mrs. Marcel's condition following the incident was as to reasonably put Appellants on notice and commence the running of prescription.
The judgment of the trial court is affirmed; all costs of these proceedings to be paid by Appellants.
Affirmed.