COVINGTON, Judge.
This is an appeal from a judgment in favor of plaintiff, Benjamin Haynes, and against defendants, Joseph Bryan Clem-mons and Catherine L. Clemmons, heirs of the deceased defendant, Sheriff Bryan Clemmons, in the sum of $6,000.00.[1]
In this Court, for the first time, the appellants have filed a peremptory exception of prescription.[2] The basis for the exception is that the date on which the alleged tort occurred was November 22, 1967, instead of November 29, 1968,[3] as alleged, so that under the one-year prescriptive period provided by LSA-C.C. art. 3536, the suit has prescribed. The record shows unquestionably that the date of the stabbing incident was November 22, 1967. Plaintiff, Haynes, testified to the occurrence on that date. The hospital records reflect that date. The investigative report gives the date of the stabbing as November 22, 1967. The pre-trial order fixes that day as the date of plaintiff’s injury. In addition, the plaintiff concedes in his brief filed in this Court that that is the correct date.
The record further clearly shows that the instant suit was not filed until November 27, 1968, more than one year after the stabbing incident. In the suit, the plaintiff named Carl Davis, the inmate who allegedly stabbed Haynes, Sheriff Bryan Clemmons, the City of Baton Rouge and the Parish of *466 East Baton Rouge as parties defendant. The City and Parish were subsequently dismissed on exceptions of no cause of action.[4]
On this appeal, the appellants contend that they are permitted to file the exception of prescription on appeal as long as they plead the exception prior to submission to us for decision; the appellee submits that it is discretionary with the appellate court to consider, or not consider, a peremptory exception when it was not pleaded in the trial court and is first filed in the appellate court.
Article 2163 of the Code of Civil Procedure provides, in pant, as follows:
“The appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record.
“If the ground for the peremptory exception pleaded in the appellate court is prescription, the plaintiff may demand that the case be remanded to the trial court [for the purposes of having a trial on the exception of prescription].”
While it is true that Article 2163 is written in permissive, rather than mandatory, language, we believe this means that we are directed to exercise our sound discretion in deciding whether or not to consider the peremptory exception which was first filed in this Court. We are not permitted to arbitrarily decline to consider such a plea when the record shows clearly that the action has prescribed. In this case “the proof of the ground of the exception” does definitely appear of record.
The plaintiff has not demanded that the case be remanded so the exception could be tried. See Louisiana Bank and Trust Company v. Boutte, 286 So.2d 143 (La.App. 3 Cir. 1973). There is convincing proof in the record of the date of the tort and the date of the institution of the action; consequently, we render judgment decreeing that the action has prescribed, and dismiss plaintiff’s suit.
Since we feel that neither plaintiff-appel-lee nor defendants-appellants are entirely blameless for the posture of this suit, we decree that each party is to pay his own costs, and the costs of this appeal are divided equally between appellants and appellee.
SUIT DISMISSED.

. Judgment was rendered on February 25, 1976, against Sheriff Clemmons. After the trial and prior to the decision, Bryan Clemmons died, and his widow and only child were substituted as parties defendant.

. The record reflects that defendant Sheriff filed a motion for summary judgment, which was denied; however, he did not file an exception of prescription prior to the signing of the judgment, nor did the defendant raise the question of prescription in his motion for a new trial.

.Obviously the plaintiff intended that the date reflect November 29, 1967, as suit was filed two days prior to the date of the incident as alleged in the petition.

. The record does not show what disposition was made of the suit against Davis.