370 So.2d 602 (1979)
Thomas L. YARBROUGH, Jr.
v.
LOUISIANA CEMENT COMPANY, INC., et al.
No. 9767.
Court of Appeal of Louisiana, Fourth Circuit.
April 10, 1979.
Rehearing Denied May 17, 1979.
Writ Refused July 2, 1979.
*603 Rudolph R. Schoemann, Mary Ann McGrath Swaim, New Orleans, for Thomas L. Yarbrough, Jr., plaintiff-appellant.
Allen R. Fontenot, Lemle, Kelleher, Kohlmeyer & Matthews, New Orleans, for OKC Corp., defendant-appellee.
O'Keefe, O'Keefe & Berrigan, Peggy M. Vicknair, New Orleans, for Pollution Control-Walther, Inc., defendant-appellee.
Richard C. Baldwin, Leach, Paysse & Baldwin, New Orleans, for American Standard, Inc., defendant-appellee.
Raymond J. Salassi, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for R. N. Steinlee, C. A. Lloyd, A. L. Hatley & C. E. Lyons, defendants-appellees.
Before GULOTTA, BOUTALL and GARRISON, JJ.
BOUTALL, Judge.
This is an appeal from two judgments maintaining peremptory exceptions of prescription of one year.
Plaintiff Thomas Yarbrough filed a suit in tort on December 4, 1975, for injuries and damages alleged to have been caused by the defendants in their various business operations. He alleges that he was exposed to noxious substances, such as dust, gases and chemical compounds while he was at work, causing pulmonary difficulties, other health problems, and disability to work. He ceased work on August 1, 1974. The various defendants filed the peremptory exceptions of prescription of one year limitation in bringing suit based on Louisiana Civil Code Article 3536 and 3537.
It is apparent on the face of the petition as noted above that the suit is one in tort, and that more than one year had lapsed from the occurrence (ceasing work and removal from a work related condition) and that his action had prescribed. When plaintiff's cause of action has prescribed on the face of his own petition, the plaintiff bears the burden of proof at the trial of the exception to establish facts which would have the effect of interrupting or avoiding prescription. Marcel v. Hospital Corp., 322 So.2d 302 (La.App. 1st Cir. 1975); Lasseigne v. Earl K. Long Hospital, 316 So.2d 761 (La.App. 1st Cir. 1975).
Plaintiff defended against the exceptions on two bases: 1.) That prescription had been interrupted because of his earlier filing suit in the United States District Court on the same cause of action; and 2.) that he was not aware of the connexity between his pulmonary disease and the environment at his place of employment more than one year prior to service of process on the defendants.
The first issue arises under the provisions of LSA-9:5801, as follows:
"§ 5801 Interruption of prescription by filing of suit, service of process
"All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. When the pleading presenting the judicial demand is filed in an incompetent court, or in an improper venue, prescription is interrupted as to the defendant served by the service of process. As amended Acts 1960, No. 31, § 1." *604 It is stipulated that plaintiff filed on this cause of action in the United States District Court for the Eastern District of Louisiana on January 16, 1975, basically against the same defendants named herein. Service was made on three of the defendants, American Standard, Inc., and Louisiana Cement Company, a subsidiary of the OKC Corporation, and C. E. Lyons on January 21, 1975. Defendant Pollution Control-Walther, Inc. was brought into that suit in September of 1975 as a third party. The other defendants R. N. Steinlee, C. A. Lloyd and A. L. Hatley were not served. It is further conceded that the United States District Court was an incompetent court to try this matter. Thus, unless plaintiff can show that the prescriptive period did not start prior to one year from the date of service, January 21, 1975, his present suit is prescribed, because the prescriptive period was not timely interrupted. See Tally v. Lovett, 332 So.2d 924 (La.App. 3rd Cir. 1976); Venterella v. Pace, 180 So.2d 240 (La.App. 4th Cir. 1965).
The trial judge found that plaintiff had knowledge of the cause of action on January 16, 1974, more than a year before service of the U.S. District Court suit. We agree. The exceptors introduced into evidence a deposition of plaintiff given in connection with this case and plaintiff's answers to written request for admission of facts. The deposition demonstrates that plaintiff had consulted his doctor in 1972 complaining of shortness of breath and pulmonary difficulties, and that thereafter during his course of employment he made a number of complaints to his employers concerning the emissions from the neighboring cement plant as well as the environment in his own place of employment. He further admitted that he consulted the same doctor on January 16, 1974 with the complaint of shortness of breath and on that occasion he told the doctor that he worked in a dusty environment and that he was having trouble breathing following working. The evidence preponderates that the plaintiff's knowledge of pulmonary problems and the symptoms arising from exposure to noxious elements at various times during his working hours was sufficient to begin the running of the prescriptive period, although he may not have known of the precise effect it had on him. We refer to the case of Cartwright v. Chrysler Corporation, 255 La. 598, 232 So.2d 285 (La.1970) at page 287:
"* * * Also, it is not necessary that the party have actual knowledge of the conditions as long as there is `constructive notice.' Whatever is notice enough to excite attention and put the owner on his guard and call for inquiry is tantamount to knowledge or notice of every thing to which inquiry may lead and such information or knowledge as ought to reasonably put the owner on inquiry is sufficient to start the running of prescription."
We also refer to the following cases which have applied the same principles to medical cases wherein the plaintiff had knowledge of his injury, but was perhaps not aware of the full measure of damages occasioned. Duhon v. Saloom, 323 So.2d 203 (La.App. 3rd Cir. 1975); Marcel v. Hospital Corp. of the Sisters of St. Joseph, supra; Lasseigne v. Earl K. Long Hospital, supra.
In opposition to the exceptions, plaintiff relied only on the following: A proffer of the deposition of the treating physician, Dr. Diamond, and a later affidavit by him. We discuss this separately because all of the exceptions were not heard at the same time. The procedural situation was that OKC Corporation and American Standard had first filed the exceptions and the doctor's deposition was proffered during that trial. After judgment, the affidavit was offered in relation to a new trial request. The remaining defendants had filed their exceptions after the first judgment was rendered, and their exceptions were tried at the same time as the motion for new trial was considered. Thus, the affidavit formed no part of the evidence as to the first exceptors, but apparently was offered against the second exceptors. There was no showing that the doctor could not have been produced, and an affidavit standing alone is not competent evidence.
*605 In connection with the proffered deposition of Dr. Diamond, we note that it was taken in connection with an unrelated suit filed in U.S. District Court by plaintiff against a disability insurer. Louisiana Code of Civil Procedure Article 1450 permits a deposition taken in one case to be used in another case brought against the same parties involving the same subject matter, but it is apparent in this case that none of the defendants were parties to the litigation in which the deposition was taken, and the proffered deposition should not be considered by us. However, appellant has strenuously argued and presented in brief the pertinent facts therein that he seeks to establish. We say in passing that while the deposition may have established the date that the Doctor concluded that plaintiff's working conditions caused him some problems, that evidence does not negate the earlier awareness of the plaintiff that inhalation of the cement dust, noxious fumes, etc. caused him difficulties at work.
For the reasons above expressed, the judgment appealed is affirmed.
AFFIRMED.