CHIASSON, Judge.
Plaintiff-appellant, Larry McEachern, de-volutively appeals from the trial court’s judgment sustaining the exception of prescription filed by defendant-appellee, Mike D. Nolan.
This matter arises from an automobile accident which occurred on November 16, 1977, in Baker, Louisiana. The plaintiff’s daughter, Terri McEachern, and the defendant, Mike D. Nolan, were involved in *232 an intersectional collision. The McEachern vehicle suffered damages which plaintiff is seeking to recover.
Suit was filed by the plaintiff on November 30, 1979, naming both Mike D. Nolan and Dewey Raborn as defendants. Defendant, Nolan, filed an exception of prescription which was sustained by the trial court.
Plaintiff’s argument is based on the contention that a first suit against Dewey Ra-born interrupted the one year prescriptive period against both Raborn and Nolan. Civil Code Article 3536 details the prescriptive period for actions resulting from offenses and quasi offenses:
“Art. 3536. The following actions are also prescribed by one year:
That for injurious words, whether verbal or written, and that for damages caused by animals, or resulting from offenses or quasi offenses.”
* * * * 5k sfc
Under La.R.S. 9:5801, filing suit for an offense or quasi offense will interrupt the running of prescription.
La.R.S. 9:5801 provides in part, as follows:
“All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. ... ”
Notwithstanding plaintiff’s argument, no single bit of evidence was introduced by the plaintiff to show that the prescriptive period had been interrupted. Following a long line of First Circuit Court of Appeal cases, the Fourth Circuit Court of Appeal in Yarbrough v. Louisiana Cement Co., Inc., 370 So.2d 602, 603 (La.App. 4th Cir. 1979), places the burden of proof on the plaintiff when, from the face of the petition, plaintiff’s action has prescribed.
“... When plaintiff’s cause of action has prescribed on the face of his own petition, the plaintiff bears the burden of proof at the trial of the exception to establish facts which would have the effect of interrupting or avoiding prescription. Marcel v. Hospital Corp., 322 So.2d 302 (La. App. 1st Cir. 1975); Lasseigne v. Earl K. Long Hospital, 316 So.2d 761 (La.App. 1st Cir. 1975).”
See also Hunter v. Sisters of Charity of Incarnate Word, 236 So.2d 565 (La.App. 1st Cir. 1970), and Lucas v. Commercial Union Insurance Company, 198 So.2d 560 (La.App. 1st Cir. 1967).
The petition recites that the accident occurred on November 16, 1978, and this suit was filed on November 30, 1979. From the face of the petition then, the present action has prescribed. La.C.C. art. 3536. Plaintiff must now come forward with facts to prove that the prescriptive period has been interrupted allowing him to proceed with his suit.
No transcript on the trial of the exception is before us, nor is there anything of record filed by the plaintiff. Though a first suit is mentioned in brief, the first suit is not part of the record. The minute entry for the date that the exception was tried merely mentions that evidence was introduced without identifying that evidence. We have no way of ascertaining exactly what was introduced into evidence, except to look at the record itself. The only things filed in evidence according to the record are the birth certificate of Mike D. Nolan (D-1), an affidavit by Eiko Y. Raborn (D-2), and an affidavit by Dewey J. Raborn (D-3). These documents establish that Mike Nolan was of full age of majority at the time of the accident and that the accident occurred in 1977, rather than in 1978 as alleged in plaintiff’s petition. We hold, therefore, that the plaintiff has failed to carry his burden of proving that the one year prescriptive period had been interrupted. Yarbrough, supra.
For these reasons, the judgment of the trial court sustaining the peremptory exception of prescription as to defendant, Mike Nolan, is affirmed. Appellant is cast for all costs in this matter.
AFFIRMED.