John C. COATES

v.

FIBREBOARD CORPORATION, et al.

Civ. A. No. 81-454-B.

United States District Court,
M.D. Louisiana.

April 2, 1984.

George R. Covert, Baton Rouge, La., for plaintiff.

Seale, Smith & Phelps, Baton Rouge, La., Woodley, Barnett, Cox, Williams & Fenet, Lake Charles, La., David Hurlburt, Lafayette, La., Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, La., liaison counsel for defendants.

G. Michael Bourgeois, Lake Charles, La., for Owens-Corning Fiberglass Corp.

Gordon F. Wilson, Jr., Linda A. Liljedahl, New Orleans, La., James E. Williams, Lake Charles, La., for Rockwool Mfg. Co.

John I. Moore and Taylor, Porter, Brooks & Phillips, Baton Rouge, La., Rodger L. Wilson, Baton Rouge, for Johns Manville Sales Corp.

Harry McCall, Jr., Robert S. Rooth, New Orleans, La., for Owens-Illinois.

Felix R. Weill, Trial Atty., Baton Rouge, La., for Nicolet.

Fred H. Sievert, Jr., Lake Charles, La., for Pittsburgh Corning Corp.

John G. Torian, II, Frank X. Neuner, Jr., Lafayette, La., for Standard Asbestos Mfg.

Robert N. Ryan, New Orleans, La., for Celotex Corp.

Edmond E. Woodley, Jr., Lake Charles, La., for Benjamin Foster Division.

Robert E. Kerrigan, Jr., New Orleans, La., for H.K. Porter and Southern Asbestos Co.

David A. Hurlburt, Lafayette, La., for Unarco Industries, Inc.

James S. Thompson, New Orleans, La., for Eagle-Pitcher Industries, Inc.

George Richaud, Young, McMahon & Levert, New Orleans, La., for Monsanto Co.

Donald Ensenat, New Orleans, La., for American Petrofina.

Thomas M. Bergstedt, Lake Charles, La., for GAF Corp.

William Kaufman, III, Baton Rouge, La., for Fibreboard Corp.

John P. Hammond, James B. Irwin, New Orleans, La., for Raybestos Manhattan, Inc.

Daniel R. Atkinson, Baton Rouge, La., for Armstrong Cork Co.

J. Michael Johnson, McGlinchey, Stafford & Mintz, New Orleans, La., for Keene Corp.

St. Paul Bourgeois, IV, Lafayette, La., for Forty-Eight Insulation, Inc.

## OPINION

POLOZOLA, District Judge.

This matter is before the Court on the defendants' joint motion to dismiss for failure to state a claim upon which relief can be granted, or, alternatively, for summary judgment. No oral argument is required on this motion.

The defendants contend that plaintiff's suit has prescribed under Article 3536 of the Louisiana Civil Code,[1] which provides for a prescriptive period of one year for

---

**1.** Article 3536 was vacated by the amendment and reenactment of Chapter 4 of Title XXIV of Book III of the Civil Code by Acts 1983, No. 173, effective January 1, 1984, to contain Civil Code articles 3492 and 3504.

Former Article 3536 provided, in part:

The following actions are also prescribed by one year:

That for injurious words, whether verbal or written, and that for damages caused by animals, or resulting from offenses or quasi offenses.

actions arising in tort. The record reveals that plaintiff filed this suit on June 18, 1981. Defendants contend that the one year prescriptive period began to run against the plaintiff in 1967 when the plaintiff's workmen's compensation settlement was approved by a state district judge. Defendants also rely on plaintiff's answers to interrogatories which were filed in the record on November 30, 1981.

In opposition to the defendants' motion, the plaintiff argues that the doctrine of "continuing tort," as articulated in *South Central Bell Telephone Co. v. Texaco, Inc.*, 418 So.2d 531 (La.1982), applies to this matter.

For reasons which follow, the Court finds that plaintiff's cause of action has prescribed. Therefore, plaintiff's suit must be dismissed.

■ The Court has proper jurisdiction herein under the diversity jurisdiction statute. 28 U.S.C. § 1332. Thus, Louisiana law applies. It is undisputed that the prescriptive period for this type of action is one year under Article 3536 of the Louisiana Civil Code. The commencement of prescription runs from the date on which the damage was sustained.[2] Under Louisiana law, damage is sustained when "it has manifested itself with sufficient certainty to be susceptible of proof in a court of justice." *Jones v. Texas & P. Ry. Co.*, 125 La. 542, 51 So. 582, 583 (1910).[3]

■ However, prescription does not accrue where in fact and for good cause a plaintiff is unable to exercise his cause of action. *Chaney v. State*, 432 So.2d 256 (La.1983); *Corsey v. State*, 375 So.2d 1319 (La.1979). In *Corsey*, the Louisiana State Supreme Court set forth the categories of situations in which this doctrine applies so as to prevent the running of liberative prescription. The only category relevant to the matter before this Court provides as follows:

Where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant. (This principle will not except the plaintiff's claim from the running of prescription if his ignorance is attributable to his own willfulness or neglect; that is, a plaintiff will be deemed to know what he could by reasonable diligence have learned.) 375 So.2d at 1322.

It is not necessary that the party have actual knowledge of the conditions as long as there is "constructive notice." "Whatever is notice enough to excite attention and put the owner on his guard and call for inquiry is tantamount to knowledge or notice of every thing to which inquiry may lead and such information or knowledge as ought to reasonably put the owner on inquiry is sufficient to start the running of prescription." *Cartwright v. Chrysler Corporation*, 232 So.2d 285, 287 (La.1970). Where the plaintiff has knowledge of his injuries, but is not aware of the full measure of damages occasioned, prescription runs against the plaintiff from the date he has knowledge of his injuries. *Woessner v. Johns-Manville Sales Corp.*, 576 F.Supp. 596 (E.D.La., 1984), *citing Yarbrough v. Louisiana Cement Co., Inc.*, 370 So.2d 602 (La.App. 4th Cir.1979).

Thus, it is necessary for this Court to determine whether the plaintiff, John Coates, had sufficient knowledge to put him on notice, or sufficient knowledge to generate inquiry, such that he is deemed to know that he could by reasonable diligence have learned.

■ The defendants have filed Exhibit C in support of this motion. Exhibit C is the petition from a "Workmens Compensation Suit" filed by the plaintiff in this action on April 23, 1965, in a state district court. That Workmens' Compensation action was settled on September 1, 1967. It is clear from the petition in that suit that the plaintiff had more than "constructive notice" of the cause of his disabling respiratory condition. The compensation settlement reveals

---

**2.** See, Article 3537 of the Louisiana Civil Code.

**3.** See, also: *Vanguard Underwriters, Ins. Co. v. Ray's Plumbing Co., Inc.*, 312 So.2d 111, 112 (La.App. 1st Cir.1975).

that the plaintiff had actual knowledge that the cause of his disability was asbestosis, a disease which was the result of prolonged exposure to asbestos fibers while plaintiff worked as an asbestos and insulation worker. Paragraphs one through five of his "Workmens Compensation Suit" petition show that the plaintiff knew that he had contracted asbestosis and cancer, and that they "were caused or brought about by the use of asbestos and fibre glass products"[4] while the plaintiff had been employed for 24 years as an asbestos worker. Thus, it is clear that prescription in the matter before this Court could have begun to run no later than the filing of the petition in that state workmen's compensation suit on April 22, 1965.

Plaintiff relies heavily on the "continuing tort" doctrine and *South Central Bell Telephone Co. v. Texaco, Inc.,* supra. Plaintiff's reliance on *South Central Bell* is misplaced. In *South Central Bell* the court held that when "the tortious conduct *and* resulting damages continue, prescription does not begin until the conduct causing the damage is abated."[5] (Emphasis added). The Court further held that "prescription dates from cessation of the wrongful conduct causing the damage."[6]

In the instant action, plaintiff's damages resulting from exposure to asbestos are continuing, but the harmful conduct has clearly abated. Plaintiff's damage results not from a single, identifiable act which caused his injury, but from the development of a disease over a number of years. According to answers to interrogatories filed by the plaintiff, plaintiff's last period of employment was the second quarter of 1968. Even if the Court were to assume that plaintiff's last employment involved exposure to asbestos, such employment and resulting exposure to asbestos ceased approximately thirteen years before plaintiff filed this lawsuit. It is plaintiff's position that asbestosis is a progressive and debilitating disease which causes continuing and increasing damage to the lungs. Thus, plaintiff contends the prescriptive period is tolled because of the continuing damage. However, a continuing tort is one in which not only the damage continues, but the damaging conduct continues as well. The damaging conduct has long since ended. Plaintiff was fully aware of the cause of his disability when he settled his state workmen's compensation claim in 1967. It is not necessary that plaintiff be aware of the full extent of his damages before suit is brought.[7] Accordingly, the Court finds as a matter of fact and law that plaintiff's cause of action has prescribed.[8]

Therefore:

IT IS ORDERED that defendants' motion to dismiss, or in the alternative, for summary judgment be and it is hereby GRANTED.

IT IS FURTHER ORDERED that plaintiff's suit be dismissed with prejudice.

Judgment shall be entered accordingly.

4. See Exhibit C attached to defendants' motion.

5. 418 So.2d at 533.

6. 418 So.2d at 533.

7. See, *Yarbrough v. La. Cement Co., Inc.,* 370 So.2d 602 (La.App. 4th Cir.1979).

8. *Nivens v. Signal Oil & Gas Co., Inc.,* 520 F.2d 1019 (5th Cir.1975).