WARD, Judge.
Claudette Cassou Lay filed a lawsuit against The University of New Orleans Lakefront and the State of Louisiana, claiming damages for personal injuries she received while attending a play at the UNO Theatre. Because the suit was filed seventeen months after the accident, the University pleaded the exception of prescription of one year. The Trial Judge sustained the exception and dismissed the lawsuit. Ms. Lay has appealed that decision. We affirm.
From the record before this Court, it appears that neither party presented evidence at the hearing on the exception. Hence, there is no factual basis for a finding that prescription did not run on Ms. Lay’s claim. As did the Trial Judge, we see only the petition filed on December 17, 1982 for personal injuries caused by an incident on July 16, 1981, an amended petition alleging diagnosis after August 5, 1982, and Ms. Lay’s affidavit supporting the allegations of the amended petition.
“Where, however, the action is brought more than one year subsequent to the commission of the tort, the burden in said instances falls upon plaintiff to show both his lack of knowledge as to his injuries and also circumstances which establish that his damages were not sustained until some time postdating the commission of the tort sued upon.” Lucas v. Commercial Union Insurance Co., 198 So.2d 560, 565 (La.App. 1st Cir.1967). Ms. Lay has failed in her burden of proof. There are unproved allegations, but no evidence, that Ms. Lay was unaware of the relationship between the accident at UNO and her jaw problems until more than one year after the accident. Absent some evidence in support of these allegations, the only conclusion which can be reached from the evidence in the record is that prescription began to run on July 16, 1981 and consequently, the exception of prescription must be sustained on a suit filed December 17, 1982.
AFFIRMED.
SCHOTT, J., concurs with reasons.