BECKER, Judge.
This appeal arises from the trial court’s dismissal of both the plaintiffs personal injury action and a Motion for New Trial.
On May 20, 1987, the appellant/plaintiff filed a personal injury action against the defendants alleging that on or about May 19, 1986, while shopping at Schwegmanns Supermarket she was struck from behind by a flat cart being pushed by a Schweg-mann’s employee causing her to fall back onto the cart injuring herself. Appellee, Schwegmann filed on April 5, 1989, a peremptory exception of prescription, claiming that from the face of the pleadings the action had clearly prescribed.
On April 14, 1989, after a hearing the court upheld the exception of prescription and dismissed .with prejudice the appellant’s personal injury action.
On April 21, 1989, the appellant filed a “Motion for a New Trial” alleging that the judgment should be vacated on the basis of newly discovered evidence.
The appellant contends that while she was in the hospital a Schwegmann’s employee led her to believe that he fully intended to settle her claim and therefore prescription was interrupted by virtue of Louisiana Civil Code Article 3464. Article 3464 states that “Prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe.” The District Court denied the appellant’s motion on April 25, 1989, ex parte.
After a careful review of the record, depositions and evidence we find that the trial judge did not commit manifest error in upholding the exception of prescription, or in his denial of the “Motion for a New Trial.” From the face of the pleadings it can plainly be seen that the accident complained of occurred on May 19, 1986, and suit was not filed until May 20, 1987.
The appellant contends that she did not have knowledge of any injury after the accident nor were there any symptoms, evidence or signs simultaneous to the accident to reasonably place her on notice of any resulting injuries. The appellant further contends that it was not until the next morning, ie. May 20, 1986, when she first noticed the pain in her back and legs. Therefore, the appellant avers that her cause of action should be deemed to have arisen and prescription commenced to run, from May 20, 1986, and not from May 19, 1986.
Louisiana Civil Code Article 3492 provides “Dialectal actions are subject to a liberative prescription of one year. This prescription commences to run from the day of injury or damages sustained.”
The landmark case of Cartwright v. Chrysler Corporation, 255 La. 597, 232 So.2d 285 (1970) provides the test for the commencement of the.prescription period:
The rule that prescription does not run against one who is ignorant of the exis-tance of facts that would entitle him to bring suit, applies only when such ignorance is not wilful and does not result from negligence ... also, it is not necessary that the party have actual knowledge of the conditions as long as there is *1361 “constructive notice.” Whatever is notice enough to excite attention and put the owner on his guard and call for inquiry is tantamount to knowledge or notice of every thing to which inquiry may lead and such information or knowledge as ought to reasonably put the owner on inquiry is sufficient to start the running of prescription. (Footnote Omitted) Clofer v. Celotex Corporation, 528 So.2d 1074 (1988).
“The. reasonable ignorance of injury that is sufficient to defer the commencement of prescription can be found only where there is an absolute lack of any physical manifestation of the injury at the time the accident occurs. See Lay v. University of New Orleans Lakefront, 451 So.2d 1269, 1270-71 (La.App. 4th Cir.1984) (concurrence); Duhon v. Saloom, supra, 323 So.2d [202], 206 (1975); Lucas v. Commercial Union Ins. Co., 198 So.2d 560 (La.App. 1st Cir.1967). Mere unawareness of the seriousness or the full extent of the injury will not suffice. Lay v. University of New Orleans Lakefront, supra, 451 So.2d at 1270-71. Nor will the lack of an express medical opinion as to the causal relationship between the injury and the tortious conduct. Hunter v. Sisters of Charity, supra, 236 So.2d [565] at 568 (1970).
“At bottom, whenever the injured party is, or should be, aware of the incident precipitating his injury, and the injury has manifested itself through physical symptoms, the running of prescription will commence.” Beauclair v. CIBA-GEIGY Corp., 504 So.2d 657 (La.App. 3rd Cir. 1987).
A review of the plaintiffs deposition reveals that she clearly knew she had been involved in a collision with one of the supermarket’s stock carts. She testified that she had been struck in the back of her legs, fell backwards and hit her head on the boxes that were stacked on the cart. The appellant further testified she first felt the effects of the injury during “the middle part of the night” following the accident. Furthermore, the plaintiff's own petition states that she was injured and “suffered severe and disabling expenses and damages” on May 19, 1986, the day of the accident.
In the instant case, the appellant knew she had fallen and that her subsequent injuries were caused by the fall.
Therefore, we find that the facts support the conclusion that the plaintiff definitely had constructive notice, if not actual notice, of the conditions of her accident sufficient enough to start the running of prescription.
We would also like to note that the appellant asserts in her brief that a stipulation was entered into with the defendant to the effect that May 20, 1986 was the first date that the appellant had any pain or indication of physical problems subsequent to the fall on May'19, 1986. However, the appel-lee denies any such claim and the record itself is devoid of any such stipulation. Therefore, we cannot consider the stipulation as being evidence.
Lastly the appellant contends that the judge erred in denying the Motion for a New Trial on the peremptory exception of prescription because the appellant’s attorney had only recently discovered new facts and evidence that could not have been obtained with due diligence prior to the hearing which would have changed the outcome of the trial. The appellant states that the new evidence is based on certain allegations that an agent for the defendant Schwegmann acknowledged the appellant’s right of action and led the plaintiff to believe that the defendant fully intended to settle her claim by paying her medical expenses incurred while in the hospital on May 20, 1986. The appellant argues that these statements interrupted prescription under Louisiana Civil Code Article 3464.
An examination of the record reveals the plaintiff testified she initially reported the incident to Mr. Andre Roques, a Schwegmann’s employee on the next day following the accident. However, the second time she tried to contact him to discuss Schwegmann’s responsibility for her medi *1362 cal bills he told her “I don’t care to talk to you any longer. The only one I’ll talk to, if you have it, is an attorney”. Although the plaintiff did not state when the second conversation took place it is clear that Mr. Roques was not admitting to liability and certainly was not agreeing to pay the plaintiff’s medical bills.
In addition it seems that the statements originally made by Mr. Roques to the plaintiff could certainly have been discovered by the plaintiff's attorney prior to the hearing on prescription which occurred almost three years after the filing of suit.
Accordingly, we conclude that the trial judge did not manifestly err in sustaining the exception of prescription and in denying the appellant’s motion for a new trial.
AFFIRMED.