927 So.2d 1121 (2005)
Vicki BABINEAUX and Norbert Babineaux
v.
STATE of Louisiana through the DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT.
No. 2004 CA 2649.
Court of Appeal of Louisiana, First Circuit.
December 22, 2005.
*1122 Conrad S.P. Williams, III, Houma, Elwood C. Stevens, Jr., Morgan City, for *1123 Plaintiffs-Appellants, Vicki and Norbert Babineaux.
Charles C. Foti, Jr., Baton Rouge, Julius W. Grubbs, New Iberia, for Defendant-Appellee, State of Louisiana, Through the Department of Transportation and Development.
Before: CARTER, C.J., DOWNING, and GAIDRY, JJ.
CARTER, C. J.
This is an appeal from a trial court judgment sustaining a peremptory exception raising the objection of prescription. For the following reasons, we affirm.

BACKGROUND
The basic facts of this case are not in dispute. On September 7, 1999, Vicki Babineaux was involved in a single-vehicle accident while driving her pickup truck in the rain on Louisiana Highway 90 (Hwy. 90) near Houma, Louisiana. Mrs. Babineaux was traveling approximately 55 mph when she lost control of her vehicle after encountering an accumulation of water in the right westbound lane. Her vehicle hydroplaned, spun around, left the roadway, hit a guardrail, and flipped over near the median. Mrs. Babineaux was injured as a result of the accident.
After observing a billboard in September 2002 advising of a hydroplane hazard along Hwy. 90, Mrs. Babineaux and her husband, Norbert Babineaux, contacted a lawyer regarding the accident. The Babineauxs filed suit against the State of Louisiana through the Department of Transportation and Development (DOTD) on May 2, 2003.
DOTD responded to the Babineauxs' lawsuit by filing a peremptory exception raising the objection of prescription along with its answer. On May 3, 2004, the trial court held a hearing on the exception of prescription, allowing the parties to submit documentary evidence and deposition testimony. After hearing argument and considering the evidence, the trial court sustained DOTD's exception of prescription, and dismissed the Babineauxs' suit with prejudice. The Babineauxs appealed, arguing that the doctrine of contra non valentem applies in this case so as to prevent the running of liberative prescription. Essentially, the Babineauxs contend they were not aware of their cause of action against DOTD until they saw the billboard advising of hydroplane accidents along Hwy. 90, and it was only then that the liberative prescriptive period began to run.

STANDARD OF REVIEW
When evidence is introduced at the hearing on a peremptory exception of prescription, the trial court's findings of fact are reviewed under the manifest error-clearly wrong standard of review. Carter v. Haygood, 04-0646 (La.1/19/05), 892 So.2d 1261, 1267. If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Id.

LAW AND ANALYSIS
Prescription commences when a plaintiff obtains "actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort." Bailey v. Khoury, 04-0620 (La.1/20/05), 891 So.2d 1268, 1276, citing Campo v. Correa, 01-2707 (La.6/21/02), 828 So.2d 502, 510. An injured party has constructive notice when he or she possesses information sufficient to incite curiosity, excite attention, or put a reasonable person on guard to call for inquiry, and includes knowledge or notice of everything to which that inquiry might lead. Alexander v. Fulco, 39,293 (La.App. 2 Cir. 2/25/05), 895 So.2d 668, 671, writ denied, *1124 05-0781 (La.5/6/05), 901 So.2d 1107; K & M Enterprises of Slaughter, Inc. v. Richland Equipment Co., Inc., 96-2292 (La. App. 1 Cir. 9/19/97), 700 So.2d 921, 925. The party raising an exception of prescription has the burden of proving that the claim has prescribed. Campo, 828 So.2d at 508. However, when it appears on the face of the pleadings that prescription has run, the burden shifts to the opposing party to show that prescription was suspended or interrupted. Id.
The prescriptive period applicable in the case sub judice is the one-year liberative prescription for delictual actions, commencing the day the injury or damage is sustained. LSA-C.C. art. 3492. This statute, like all prescription statutes, is strictly construed against prescription and in favor of maintaining the cause of action. Wimberly v. Gatch, 93-2361 (La.4/11/94), 635 So.2d 206, 211. The accident occurred on September 7, 1999. The Babineauxs filed their lawsuit on May 2, 2003, over three years after the accident. Thus, the petition reveals on its face that prescription has run. As a result, the Babineauxs bore the burden of establishing that prescription was interrupted or suspended.
The Babineauxs avail themselves of the doctrine of contra non valentem non currit praescriptio. Simply put, this means that prescription does not run against a person who cannot bring his suit. Carter, 892 So.2d at 1268; Harvey v. Dixie Graphics, Inc., 593 So.2d 351, 354 (La. 1992). Contra non valentem is a jurisprudentially-created exception to the general rules of prescription. The doctrine is based on the premise that, in some circumstances, equity and justice require that prescription "be suspended because the plaintiff was effectually prevented from enforcing his rights for reasons external to his own will." (Citations omitted.) Wimberly, 635 So.2d at 211.
The Louisiana Supreme Court generally recognizes four factual situations in which the doctrine of contra non valentem applies so as to prevent the running of liberative prescription:
(1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;
(2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting;
(3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; or
(4) where the cause of action is neither known nor reasonably knowable by the plaintiff even though plaintiff's ignorance is not induced by the defendant.
Renfroe v. State, Dept. of Transportation and Development, 01-1646 (La.2/26/02), 809 So.2d 947, 953.
The Babineauxs argue that the fourth category of contra non valentem, commonly referred to as the "discovery rule," applies in this case because they did not realize or discover that DOTD could be responsible for Mrs. Babineaux's accident until September 2002, when they saw a billboard advising of a hydroplane accident hazard along Hwy. 90. The Babineauxs contacted a lawyer and filed suit within a year of observing the billboard.
It is well settled that the principle of contra non valentem will not exempt the plaintiff's claim from the running of prescription if his ignorance is attributable to his own willfulness, neglect, or unreasonableness. See Campo, 828 So.2d at 511 and K & M Enterprises, 700 So.2d at 924-925. A plaintiff will be deemed to know what he could have learned through reasonable diligence. Renfroe, 809 So.2d *1125 at 953. Generally, the prescriptive period commences when there is enough notice to call for an inquiry about a claim, not when an inquiry reveals the facts or evidence to sufficiently prove the claim. See Terrel v. Perkins, 96-2629 (La.App. 1 Cir. 11/7/97), 704 So.2d 35, 39.
The Babineauxs argue that their ignorance of the grounds for a cause of action against DOTD was not willful. However, by Mrs. Babineaux's own admissions and actions, it is clear that she was aware of the cause of the accident (i.e., the hydroplaning) at the time of its occurrence. Mrs. Babineaux admitted in her deposition that she clearly remembers the accident. She readily acknowledged that she was aware that she had driven into standing water on Hwy. 90 when her vehicle hydroplaned. Further, she recognized that the hydroplaning is what led her to lose control of her vehicle and crash. The accident report and deposition testimony of the investigating state trooper corroborated that the cause of the accident was the water on the roadway. Two witnesses to the accident gave written statements to the investigating state trooper declaring that they had observed Mrs. Babineaux's vehicle hit a water puddle, leave the roadway, and overturn. Thus, it is apparent that the standing water on Hwy. 90 was not hidden or undiscoverable. Mrs. Babineaux also admitted in her deposition that nothing prevented her from filing her lawsuit within a year of the accident, and she confessed that she did not do anything to investigate whether she had a claim against DOTD after she had the accident.
The Babineauxs argue that even if they had made inquiries to DOTD, they would have been unsuccessful in gaining information about the alleged hydroplane hazard/defect. We find this argument to be unpersuasive. Silence is a recognized reaction by named, as well as potential, defendants in lawsuits. Discovery procedures in litigation exist for the purpose of affording all parties a fair opportunity to obtain pertinent facts, to discover true facts, and to compel disclosure of such facts. See Bennett v. General Motors Corp., 420 So.2d 531, 535 (La.App. 2 Cir. 1982). Clearly, if the Babineauxs had inquired into DOTD's potential liability and failed to obtain the requested information, they could have filed suit against DOTD and compelled the disclosure of the facts necessary to prove their cause of action. Certainly, the cause of action existed, the discovery devices were available, and the hydroplane hazard was "reasonably knowable" by the Babineauxs within one year of the date of the accident.
We find that the information that was immediately available to the Babineauxs was sufficient to create excitement, incite curiosity, and/or a reasonable desire to make further inquiry into the cause of the accident. Even a simple investigation or consultation with a lawyer would have revealed the existence of DOTD's potential liability. Thus, it was not reasonable for the Babineauxs to fail to further inquire into their possible claim against DOTD within a year of the accident. Furthermore, there is nothing in the record to suggest that the Babineauxs were prevented from inquiring about their claim or from timely filing suit when they were aware that Mrs. Babineaux's accident was caused by a hydroplaning incident on a state highway. Thus, the doctrine of contra non valentem does not apply in this case.

CONCLUSION
Based upon our review of the record, the trial court was not clearly wrong in sustaining DOTD's peremptory exception raising the objection of prescription. Accordingly, we affirm the trial court judgment. All costs of this appeal are assessed *1126 to the plaintiffs-appellants, Vicki and Norbert Babineaux.
AFFIRMED.