SAM HAYNES
v.
ANDREW HUNTER AND COLBY LAVELLE.
No. 2007 CA 0657.
Court of Appeal of Louisiana, First Circuit.
December 21, 2007.
NOT DESIGNATED FOR PUBLICATION.
D. BLAYNE HONEYCUTT, Counsel for Plaintiff/Appellant, Sam Haynes.
ELIZABETH B. POWELL, Counsel for Defendant/Appellee, State Farm Fire and Casualty Company.
KEITH L. RICHARDSON, Counsel for Defendant/Appellee, Colby Lavelle.
A. WAYNE STEWART, Counsel for Defendant/Appellee, Andrew Hunter.
Before GAIDRY, McDONALD, and McCLENDON, JJ.
McCLENDON, J.
This is an appeal from a trial court judgment sustaining a peremptory exception raising the objection of prescription. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY
On February 17, 2005, Sam Haynes filed suit against Andrew Hunter and Colby Lavelle alleging that defendants started a fire, on December 18, 2003, on his property, resulting in damage to the physical structure as well as to numerous trees on said property. State Farm Fire and Casualty Company (State Farm), as Lavelle's insurer, was subsequently named as a defendant.[1]
In response to the lawsuit, Lavelle filed a peremptory exception raising the objection of prescription. The exception was set for hearing on February 27, 2006, and the matter was submitted on the two memorandums filed by the parties and the depositions of Haynes and Lavelle. On March 15, 2006, the trial court issued reasons for judgment stating that Haynes's reliance on the doctrine of contra non valentem was misplaced and that it would maintain the exception. Judgment sustaining the peremptory exception of prescription was rendered on May 12, 2006. Following the denial of his motion for reconsideration/new trial, Haynes appealed asserting that the trial court erred in finding that his claim had prescribed.

DISCUSSION
A party urging an exception raising the objection of prescription has the burden of proving facts to support the exception unless the petition is prescribed on its face. Cichirillo v. Avondale Industries, Inc., 04-2894, 04-2918, p. 5 (La. 11/29/05), 917 So.2d 424, 428. When the face of the petition reveals that the plaintiffs claim is prescribed, the burden shifts to the plaintiff to demonstrate that prescription was suspended or interrupted. In re Medical Review Panel for Claim of Moses, 00-2643, p. 6 (La. 5/25/01), 788 So.2d 1173, 1177. When evidence is introduced at the hearing on a peremptory exception of prescription, the trial court's findings of fact are reviewed under the manifest error-clearly wrong standard of review. Babineaux v. State ex rel. Dept. of Transp. and Dev., 04-2649, p. 3 (La.App. 1 Cir. 12/22/05), 927 So.2d 1121, 1123.
The prescriptive period applicable in the case sub judice is the one-year liberative prescription for delictual actions, commencing the day the injury or damage is sustained. LSA-C.C. art. 3492. This statute, like all prescription statutes, is strictly construed against prescription and in favor of maintaining the cause of action. Babineaux, 04-2649 at p. 4, 927 So.2d at 1124. In this matter, the fire occurred on December 18, 2003. Haynes filed his lawsuit on February, 17, 2005, fourteen months later. Thus, the petition revealed on its face that prescription had run. Consequently, Haynes bore the burden of establishing that prescription was interrupted or suspended.
Haynes contends that the doctrine of contra non valentem non currit praescriptio is applicable herein. This means that prescription does not run against a person who cannot bring his suit. Carter v. Haygood, 04-0646, p. 11 (La. 1/19/05), 892 So.2d 1261, 1268. Contra non valentem is a jurisprudentially-created exception to the general rules of prescription. The doctrine is based on the premise that, in some circumstances, equity and justice require that prescription "be suspended because the plaintiff was effectually prevented from enforcing his rights for reasons external to his own will." Babineaux, 04-2649 at p. 4, 927 So.2d at 1124.
The supreme court has recognized four factual situations in which the doctrine of contra non valentem applies so as to prevent the running of liberative prescription.[2] Renfroe v. State, Dept of Transp. and Dev., 01-1646, p. 9 (La. 2/26/02), 809 So.2d 947, 953. Haynes argues that the fourth category of contra non valentem, commonly referred to as the "discovery rule," applies in this case because he could not ascertain the identities of the persons who started the fire until January of 2005, when he received a call from the probation officer of one of the defendants. Thereafter, Haynes contacted an attorney and filed suit in February of 2005.
However, the doctrine of contra non valentem only applies in exceptional circumstances, and in order for the fourth type of situation to apply, a plaintiff's ignorance of his cause of action cannot be attributable to his own willfulness or neglect; that is, a plaintiff is deemed to know what he could have learned through reasonable diligence. Renfroe, 01-1646 at pp. 9-10, 809 So.2d at 953; Babineaux, 04-2649 at p. 5, 927 So.2d at 1124.
Haynes claims he exercised reasonable diligence in trying to learn the names of the perpetrators of the fire, although he was unable to do so within one year of the fire. However, the record clearly shows that Haynes knew about the fire the evening it occurred and, in fact, his son was one of the firefighters dispatched to the scene. His son also informed Haynes that evening that he believed that two persons were arrested for starting the fire. Further, Haynes admitted in his deposition, as well as at the hearing on the exception, that other than contacting a friend of his who worked in the mechanical safety section of the fire marshal's office to ask him to obtain a copy of the investigation report, and having his neighbor, who apparently had "connections" at the local courthouse, try to get information to identify the defendants, Haynes made no other effort to ascertain their identity.[3] He admitted that he relied on the efforts of these two individuals to determine the identity of the perpetrators. Haynes also testified that he assumed that he would hear from the proper officials when the individuals arrested were brought to trial or hearing. He personally did not contact the fire marshal's office, sheriff's office, the district attorney's office, or any other official entity, by telephone, letter or otherwise, regarding the fire or the individuals who started it.
We find that it was not reasonable for Haynes to fail to make further inquiry within one year of the fire to identify the defendants in this matter. Further, we find nothing in the record to suggest that Haynes was prevented from inquiring into the identity of the perpetrators, and even a simple investigation by Haynes should have revealed their identities. Haynes has simply failed to show that the identity of the defendants was not "reasonably knowable." Therefore, we agree with the trial court that Haynes has failed to establish that the doctrine of contra non valentem applies in this case to interrupt prescription on his claim for damages.
CONCLUSION
Based on our thorough review of the record, we conclude that the trial court was not clearly wrong in sustaining Lavelle's peremptory exception raising the objection of prescription. Accordingly, we affirm the judgment of the trial court. All costs of this appeal are assessed to the plaintiff, Sam Haynes.
AFFIRMED.
NOTES
[1] State Farm was named as a defendant in its capacity as the homeowner's liability insurer of Lavelle's grandmother, Mary E. Lott, with whom Lavelle resided.
[2] Contra non valentem applies:

(1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiffs action;
(2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting;
(3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; or
(4) where the cause of action is neither known nor reasonably knowable by the plaintiff even though plaintiffs ignorance is not induced by the defendant.
Renfroe, 01-1646 at p. 9, 809 So.2d at 953.
[3] Haynes testified that a couple of weeks after the fire he did personally speak with the investigator assigned to this matter to ask him for a copy of the fire marshal's report, but was told that he could not get a copy of the report because it had already had been sent to the Livingston Parish District Attorney's Office. Haynes further testified that he never contacted the district attorney's office.