HEATHER ANDRY
v.
STATE OF LOUISIANA, THE DEPARTMENT OF CORRECTIONS, DIVISION OF PROBATION AND PAROLE, LEMICHAEL MUNSON AND HIS UNKNOWN INSURANCE COMPANY, ABC INSURANCE COMPANY
No. 2008 CA 0409.
Court of Appeals of Louisiana, First Circuit.
September 19, 2008.
Not Designated for Publication
FRED R. DEFRANCESCH, Attorney for Plaintiff-Appellant, Heather Andry.
JAMES D. "BUDDY" CALDWELL, Attorney General BRANDI Y. McKENZIE, Asst. Attorney General Attorneys for Defendants-Appellees, State of Louisiana, et al.
Before: PARRO, McCLENDON, and WELCH, JJ.
WELCH, J.
Plaintiff, Heather Andry, appeals a trial court judgment granting a peremptory exception raising the objection of prescription filed by defendants, the State of Louisiana, Department of Public Safety and Corrections, Division of Probation and Parole (DPSC) and Lemichael Munson. We affirm.

BACKGROUND
On June 27, 2006, plaintiff filed a lawsuit against DPSC and Mr. Munson, alleging that on July 21, 2005, she was involved in a vehicular accident with a vehicle driven by Mr. Munson and owned by DPSC. Defendants filed an objection of prescription, urging that the accident actually occurred on June 21, 2005, and therefore this lawsuit, filed more than one year from that date, was untimely.
Defendants submitted documentary evidence in support of their claim that the accident occurred on June 21, 2005. This evidence included: (1) letters from plaintiff's attorney to Mindy Brown, a state risk claims adjuster, listing the date of the accident as June 21, 2005; (2) a letter dated June 30, 2005, from plaintiff's attorney to DPSC advising that he represented plaintiff in connection with an accident involving Mr. Munson that occurred on June 21, 2005; (3) a rental invoice submitted by plaintiff's attorney to Ms. Brown, seeking reimbursement for a vehicle leased by plaintiff from June 23, 2005, through July 29, 2005; (4) various medical reports listing the date of the accident as June 21, 2005; (5) a Louisiana State Driver Safety Program accident report listing the date of the accident as June 21, 2005; and (6) a June 22, 2005 fax transmission to Mr. James Russo, DPSC fleet manager, of a repair estimate on the vehicle driven by Mr. Munson.
Additionally, DPSC submitted a copy of the State of Louisiana Uniform Motor Vehicle Traffic Crash Report prepared by Sergeant Conrad Baker, Jr., which lists the date of the crash as "07 21 2005." During the hearing on the peremptory exception, at which all of the aforementioned documentary evidence was introduced, plaintiff's attorney acknowledged that the accident did in fact occur on June 21, 2005, but submitted that he was entitled to rely on the date set forth in the police report as the date of the accident for prescription purposes.
The trial court granted the prescription objection and this appeal, taken by plaintiff, followed.

DISCUSSION
Louisiana Civil Code article 3492 provides a one-year liberative prescriptive period for delictual actions. Prescription commences when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is a victim of a tort. Babineaux v. State ex. rel Department of Transportation and Development, 2004-2649, p. 3 (La. App. 1st Cir. 12/22/05), 927 So.2d 1121, 1123. An injured party has constructive notice when he or she possesses information sufficient to incite curiosity, excite attention, or put a reasonable person on guard to call for inquiry, and includes knowledge or notice of everything to which that inquiry might lead. Id.
Ordinarily, the burden of proof is on the party pleading prescription. Id. In this case, defendants proved, and plaintiff admitted, that the accident occurred on June 21, 2005, rather than on July 21, 2005, as stated in the petition. Because this lawsuit was filed on June 27, 2006, more than one year from the date of the accident, plaintiff bore the burden of proving that the prescriptive period was interrupted or suspended.
The jurisprudence recognizes various factual situations in which the doctrine of contra non valentem non currit praescriptio will apply so as to prevent the running of liberative prescription. Babineaux, 2004-2649 at pp. 3-4, 927 So.2d at 1124. Plaintiff, however, does not argue that any of the legal bases for applying the doctrine of contra non valentem are present in this case. Instead, she contends that she had a right to rely on the accident report to determine the date of the accident and insists that the lawsuit, filed within one year of the date listed in the accident report, is timely.
We disagree. The evidence establishes that the accident occurred on June 21, 2005. Plaintiff's attorney was clearly aware that the accident occurred on this date, as evidenced by the fact that he referenced that date in numerous letters written to DPSC and the Office of Risk Management. The claim that plaintiff reasonably relied on the police report as establishing the true date of the accident is simply not borne out by the evidence. Because this lawsuit was filed on June 27, 2006, more than one year from the June 21, 2005 accident date, and because plaintiff failed to demonstrate that the one-year prescriptive period was suspended or interrupted during that time, the trial court correctly granted the defendants' peremptory exception raising the objection of prescription.

CONCLUSION
Based on the foregoing, the judgment appealed from is affirmed. All costs of this appeal are assessed to appellant, Heather Andry.
AFFIRMED.