McCLENDON, J.
12Ponald Williams, III appeals a trial court judgment that dismissed his suit against his former employer pursuant to an exception of prescription. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
Mr. Williams fax-filed a Petition for Damages against his former employer, Fre-Mon Inc. d/b/a The Library,[1] on July 22, 2011, alleging that he was terminated “[sjometime in July 2010” by his employer because of his race.[2] The petition indicates that Mr. Williams was terminated prior to July 22, 2010, but that Mr. Williams did not learn of the alleged racial animus until July 22, 2010. In response, his former employer filed an exception raising the objection of prescription because Mr. Williams filed his petition for damages more than a year after his termination from employment.
A hearing was held on the employer’s exception on November 7, 2011. At the *358 hearing, the parties stipulated that Mr. Williams was terminated prior to July 17, 2010 and that Mr. Williams suspected that he was fired due to his race on July 22, 2010, allegedly when a Facebook post was made by his former supervisor, Donovan Fremin. Following the hearing, the trial court granted the employer’s exception and dismissed Mr. Williams’ case. In so holding, the trial court found that Mr. Williams’ actions were not reasonable insofar as he knew “five days after his termination why he was [allegedly] terminated” and so there was no reason to “choose to wait to exercise his claim [one year and] five days after the termination date.”
Mr. Williams has appealed, asserting that the trial court erred in granting his employer’s exception raising the objection of prescription. Mr. Williams contends that he timely filed his lawsuit within one year from the date on which he discovered the alleged discrimination.
^DISCUSSION
A cause of action based on race discrimination is a delictual action subject to the one-year prescriptive period found in LSA-C.C. art. 3492. The prescriptive period commences to run the day the injury or damage is sustained — i.e., upon the employee’s first notice of an adverse employment action. Eastin v. Entergy Corp., 03-1030, p. 4 (La.2/6/04), 865 So.2d 49, 53-54. Prescription runs against all persons unless they are included in some exception established by law. LSA-C.C. art. 3467.
At the hearing on the exception, the parties acknowledged that the instant suit was filed more than a year from Mr. Williams’ termination. Mr. Williams contends, however, that pursuant to the doctrine of contra non valentem, the prescriptive period did not begin to run from the date of his termination, but began to run on July 22, 2010 — -the date he first learned of the alleged racial animus behind his termination.
The doctrine of contra non valen-tem provides that prescription does not run against one who is ignorant of the facts upon which his cause of action is based and applies an exception to the statutory prescriptive period where in fact and for good cause a plaintiff is unable to exercise his cause of action when it accrues. Eastin, 03-1030 at p. 6, 865 So.2d at 55. Louisiana courts have recognized four limited situations where the doctrine applies. See Wimberly v. Gatch, 93-2361 (La.4/11/94), 635 So.2d 206, 211. Each situation allows the courts “to weigh the ‘equitable nature of the circumstances in each individual case’ to determine whether prescription will be tolled.” Carter v. Haygood, 04-0646, p. 12 (La.1/19/05), 892 So.2d 1261, 1268 [quoting R.O.M., Mote, Glover v. Bridges: Prescription — Applicability of Contra Non Valentum Doctrine to Medical Malpractice Actions, 61 Tul. L.Rev. 1541,1545 (1986-1987) ].
The sole argument raised on appeal by Mr. Williams relates to the fourth jurisprudentially recognized situation known as the “discovery rule” which provides that prescription commences on the date the injured party discovers or Lshould have discovered the facts upon which his cause of action is based. Eastin, 03-1030 at p. 7, 865 So.2d at 55. Under the discovery rule, prescription normally begins to run when a party has “actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort.” Babineaux v. State, ex rel. Dept. of Transp. and Dev., 04-2649, p. 3 (La.App. 1 Cir. 12/22/05), 927 So.2d 1121, 1123. Ignorance of the existence of damages, standing alone, does not interrupt the running of prescription. Vanguard Underwriters Ins. Co. v. Ray’s Plumbing Co., Inc., 312 So.2d 111, 113 *359 (La.App. 1 Cir.1975). An injured party has constructive notice when he possesses information sufficient to incite curiosity, excite attention, or put a reasonable person on guard to call for inquiry. Babineaux, 04-2649 at p. 3, 927 So.2d at 1123. The prescriptive period commences when enough notice to call for an inquiry of a claim exists, not when an inquiry reveals the facts or evidence to sufficiently prove the claim. Babineaux, 04-2649 at p. 5, 927 So.2d at 1125. The doctrine will not exempt a plaintiffs claim from the running of prescription if his ignorance is attributable to his own willfulness or neglect; that is, a plaintiff will be deemed to know what he could by reasonable diligence have learned. Renfroe v. State ex rel. Dep’t of Transp. and Dev., 01-1646, p. 10 (La.2/26/02), 809 So.2d 947, 953.
In opposition to the employer’s exception, Mr. Williams, via affidavit, stated that he had no idea that “Fremin had racial animus towards him” and that he “learned for the first time, on or about July 22, 2010 [through a post on Face-book], that he was terminated because of his race.” Mr. Williams contends, therefore, that the one-year prescriptive period applicable to his discrimination claim did not begin to run until July 22, 2011 — the date of the Facebook post. Accordingly, Mr. Williams concludes that his suit filed on July 22, 2011, or within one year of when he discovered the alleged racial animus behind his termination, is timely.
The Louisiana Supreme Court addressed contra non valentem in the context of employment discrimination in Eastin v. Entergy Corp., supra. | BTherein, hundreds of plaintiffs filed an age discrimination suit against their former employer. As to eleven plaintiffs, the employer filed an exception raising the objection of prescription because those eleven plaintiffs had been terminated more than one year before suit was filed. The eleven plaintiffs claimed that they could not know of the discrimination until they knew of the alleged pattern of discrimination whereby others were terminated for age-related reasons and after learning of the other suits. Justice Traylor, joined by one other Justice, found that the each of the “[p]lain-tiffs had knowledge of their causes of action upon the date of their respective terminations.” Eastin, 03-1030 at p. 9, 865 So.2d at 57. In reaching this conclusion, the opinion reasoned:
Plaintiffs may not simply sit on their hands and do nothing to investigate their termination and expect their actions to be deemed reasonable. Under the facts of the instant case, where the plaintiffs alleged absolutely no active role in determining if their terminations were for unlawful reasons and made no inquiry into the reasons for their terminations, the plaintiffs’ ] delay in filing suit was not reasonable and does not merit the application of the doctrine of contra non valentem. We find the trial court was correct in granting the defendant’s Exception of Prescription because the petition was prescribed on its face and the plaintiffs further made no effort to rehabilitate their lacking petition at the hearing. Moreover, plaintiffs have alleged no facts which lead this court to believe that they were somehow prevented from filing their suits in a timely manner. Their delay can only be attributed to their own inaction.
03-1030 at p. 8, 865 So.2d at 56. Three Justices concurred in the opinion without giving reasons, and Justices Calogero and Kimball concurred in the result only. In her concurrence, in which Justice Calogero concurred, Justice Kimball indicated that she was “not prepared to burden terminated individuals with investigating and alleging a cause of action within one year when an employer has given the individual seem *360 ingly valid reasons for termination.” Justice Kimball opined that such an interpretation “renders Louisiana’s doctrine of contra non valentem moot in discrimination cases.” Nonetheless, she concurred in the result because plaintiffs “waited more than a year after they ‘discovered’ that their termination was a discriminatory act.” Eastin, 865 So.2d at 57. Because there is no majority, however, we recognize that Eastin is of limited precedential value. See Chaney v. Travelers Ins. Co., 259 La. 1, 249 So.2d 181 (1971).
^Nevertheless, contra non valen-tem has always been a judicially created equitable doctrine applied to ameliorate the harshness which would result from the strict application of prescription in certain situations. State Through Div. of Admin, v. McInnis Bros. Const., 97-0742, p. 3 (La.10/21/97), 701 So.2d 937, 940. While Louisiana courts have not hesitated to apply the doctrine of contra non valentem where the circumstances warrant it, it is only to be applied in “exceptional circumstances.” See LSA-C.C. art. 3467, Official Comment (d) and Mclnnis Bros. Const., 97-0742 at p. 3, 701 So.2d at 940. Generally, contra non valentem is applied when a plaintiff is unable to exercise his cause of action when it accrues. Corsey v. State, Dept., of Comctions, 375 So.2d 1319, 1321 (La.1979). Contra non valentem does not suspend prescription when a litigant is perfectly able to bring his claim, but fails to do so. Jenkins v. Starns, 11-1170, p. 20 (La.1/24/12), 85 So.3d 612, 624. Moreover, courts refuse to apply the doctrine when the failure to timely assert a cause of action is based on a lack of diligence by the plaintiff and the facts giving rise to the cause of action are “reasonably knowable” within the prescriptive period. See Renfroe, 01-1646 at p. 10, 809 So.2d at 954 (“While it is indeed unusual that different unrelated parties would own and maintain different portions of one roadway, the fact that the portion of the roadway was owned by some party other [than] the DOTD was ‘reasonably knowable’ by the plaintiff within the prescriptive period.”) and Babineaux, 04-2649 at p. 6, 927 So.2d at 1125 (“Certainly, the cause of action existed, the discovery devices were available, and the hydroplane hazard was ‘reasonably knowable’ by the Babineauxs within one year of the date of the accident.”)
In this case, nothing prevented Mr. Williams from asserting his cause of action within one year from his termination when he had learned of an alleged discriminatory reason three hundred and sixty days before the prescriptive period ran. As such, the principles of equity, justice, and fairness that underpin the doctrine of contra non valentem are absent in this case. See Hendrick v. ABC Ins. Co., 00-2403, p. 16 (La.5/15/01), 787 So.2d 283, 293. Accordingly, this |7case does not present exceptional circumstances that warrant application of the doctrine.
CONCLUSION
For the foregoing reasons, the January 6, 2012 judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff, Donald Williams, III.
AFFIRMED.

. The Library is a restaurant and bar located in Lafourche Parish, Louisiana. Williams’ supervisor, Donovan Fremin, was also named a defendant.

. The record shows that the July 22, 2011 fax-filed petition contained a different caption than the original petition that was filed a few days later on July 27, 2011. Both captions are used interchangeably throughout the record.”