**Eddy WELCH**

v.

**Jefferson Mark DANIELS**

**NO. 2016 CA 0311**

Court of Appeal of Louisiana,
First Circuit.

Judgment Rendered: October 31, 2016

J. Chandler Loupe Baton Rouge, Louisiana, Counsel for Plaintiff/Appellant Eddy Welch

Matthew W. Pryor Gonzales, Louisiana, Counsel for Defendant/Appellee Jefferson Mark Daniels

BEFORE: HIGGINBOTHAM, THERIOT, AND CHUTZ, JJ.

THERIOT, J.

In this case, the plaintiff-appellant, Eddy Welch, appeals a judgment rendered

by the Nineteenth Judicial District Court, sustaining an exception of prescription in favor of the defendant-appellee, Jefferson Mark Daniels, and ordering the dismissal of Mr. Welch's claims with prejudice. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

On October 15, 2013, Mr. Welch filed suit against Mr. Daniels in the Twenty-Third Judicial District Court for the Parish of Ascension. In his petition for damages, Mr. Welch alleged that, on October 16, 2012, he sustained significant bodily injuries while a guest passenger on a boat owned and operated by Mr. Daniels. Mr. Welch claimed that, on the day in question, while attempting to descend from an upper level of the boat, he caught his arm on a piece of steel rail. Mr. Welch alleged that the steel rail constituted an obvious defect that posed an unreasonable and foreseeable risk of harm. He further alleged that Mr. Daniels had constructive or actual knowledge of the hazardous condition and failed to exercise reasonable care with respect to same.

Mr. Daniels responded to the petition by filing a declinatory exception of improper venue. Mr. Daniels asserted that, according to Mr. Welch's own admission, the incident at issue occurred in Manchac, Louisiana, located in Tangipahoa Parish. Mr. Daniels further alleged that he was a resident citizen of East Baton Rouge Parish. Therefore, Mr. Daniels averred that Ascension Parish was an improper venue for the suit, and that, in accordance with La. C.C.P. arts. 42 and 74, the proper venues for the suit were the Twenty-First Judicial District Court for the Parish of Tangipahoa or the Nineteenth Judicial District Court for the Parish of East Baton Rouge.

Following submission of the exception of improper venue, the Twenty-Third Judicial District Court set the matter for a hearing on May 23, 2014, and ordered that Mr. Welch show cause as to why the exception should not be sustained and why the suit should not be dismissed or transferred to a court of proper venue. Prior to the scheduled hearing, the parties agreed that the suit had been filed in a court of improper venue and consented to the transfer of the case to the Nineteenth Judicial District Court (hereafter "the trial court"). On August 6, 2014, the Twenty-Third Judicial District Court signed a consent judgment in accordance with the agreement of the parties, ordering that the suit be transferred to the trial court.

Thereafter, on February 13, 2015, Mr. Welch filed an amended and supplemental petition for damages with the trial court. In this petition, Mr. Welch largely restated the allegations from the original petition for damages improperly filed with the Twenty-Third Judicial District Court. However, he also stated, for the first time, that the incident in question "falls under admiralty jurisdiction as it involved a traditional maritime activity . . . and is therefore subject to a three (3) year statute of limitations commencing from the date [that] the cause of action [arose]."

Mr. Daniels responsively filed a peremptory exception of prescription and motion for summary judgment. In relevant part, Mr. Daniels argued that there was no factual basis for invocation of federal admiralty law or the three-year statute of limitations set forth thereunder. See 46 USC § 30106.[1] Moreover, Mr. Daniels argued that Mr. Welch's claims were prescribed

---

1. 46 USC § 30106 states: "Except as otherwise provided by law, a civil action for damages for personal injury or death arising out of a maritime tort must be brought within [three] years after the cause of action arose."

under the liberative prescriptive rules set forth in the Louisiana Civil Code. Specifically, Mr. Daniels acknowledged that Mr. Welch filed his petition for |₄damages on October 15, 2013, i.e., one day prior to the expiration of the one-year prescriptive period set forth under La. C.C art. 3492.[2] Mr. Daniels argued that prescription was not interrupted by the filing of the original petition for damages, because the suit had been filed in a court of improper venue and because service had not been made upon him until after the expiration of the one-year prescriptive period. Mr. Welch opposed the exception of prescription and the motion for summary judgment.

The exception of prescription and the motion for summary judgment came before the trial court for a hearing on September 28, 2015. Following the arguments of counsel, the trial court took the matters under advisement, and, on December 14, 2015, issued a final judgment sustaining the exception of prescription and ordering the dismissal of Mr. Welch's suit with prejudice.[3] Mr. Welch now appeals.

## ASSIGNMENTS OF ERROR

Mr. Welch raises the following assignments of error:

1. Plaintiff's amended petition asserted a claim arising under federal admiralty law. The claims asserted must be accepted as true and the mover bears the burden of proof. Admiralty and maritime tort claims are subject to a three-year prescriptive period. The trial court erred in granting the exception of prescription without any evidence introduced by the defendant to the contrary of the facts alleged in the petition.

2. In granting the exception of prescription in error, the trial court ruled the motion for summary judgment was moot. In doing so, the trial court failed to consider the affidavit of the plaintiff establishing that he was injured on a vessel while still on a navigable waterway.

## |₅STANDARD OF REVIEW

■ When evidence is introduced at the hearing on a peremptory exception of prescription, the trial court's findings of fact are reviewed under the manifest error-clearly wrong standard of review. **Babineaux v. State ex rel. Dept. of Transportation and Development.,** 04–2649 (La.App. 1 Cir. 12/22/05), 927 So.2d 1121, 1123. However, where the issue of prescription turns upon the proper application and interpretation of statutory law, the exception presents a question of law for appellate review. See **McKenzie v. Imperial Fire and Casualty Ins. Co.,** 12–1648 (La.App. 1 Cir. 7/30/13), 122 So.3d 42, 46, writ denied, 13–2066 (La. 12/6/13), 129 So.3d 534. Therefore, on appeal, we must determine whether the trial court was legally correct or legally incorrect in determining that Mr. Welch's claims against Mr. Daniels were subject to—and thus prescribed under—Louisiana law.

## DISCUSSION

■ In his first assignment of error, Mr. Welch argues that the trial court erred by granting the exception of prescription in favor of Mr. Daniel. In addressing this assignment of error, we note that, on appeal, Mr. Welch does not dispute that his claims were prescribed pur-

---

**2.** Louisiana Civil Code art. 3492 provides, in relevant part: "Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained."

**3.** The trial court declined to issue a ruling on the motion for summary judgment, finding that the motion was rendered moot by virtue of its judgment granting the exception of prescription.

suant to the liberative prescriptive rules set forth in the Louisiana Civil Code. Accordingly, we limit our consideration to the narrow issue of whether Mr. Welch's claims fall under admiralty tort jurisdiction.[4]

The United States Constitution grants jurisdiction to federal district courts in "all [c]ases of admiralty and maritime [j]urisdiction." U.S. Const. art. III § 2, cl. 1. However, state courts have concurrent jurisdiction in general admiralty and maritime law cases by virtue of the "savings to suitors" clause of the Judiciary Act of 1789. See 28 USC § 1333(1). See also **Thomey v. Weber Marine**, 01–0153 (La.App. 5 Cir. 5/30/01), 791 So.2d 135, 138; **Green v. Industrial Helicopters, Inc.**, 593 So.2d 634, 637 (La. 1992), cert. denied, 506 U.S. 819, 113 S.Ct. 65, 121 L.Ed.2d 32 (1992).

■ Traditionally, the test for admiralty tort jurisdiction was based solely on whether the tort occurred on navigable waters. If the tort occurred on navigable waters, admiralty jurisdiction followed; if it did not, then admiralty jurisdiction did not follow. **Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.**, 513 U.S. 527, 531–32, 115 S.Ct. 1043, 130 L.Ed.2d 1024 (1995). This simple test was complicated by the rule that the injury had to be wholly sustained on navigable waters in order for the cause of action to fall within admiralty tort jurisdiction. **Jerome B. Grubart, Inc.**, 513 U.S. at 532, 115 S.Ct. 1043 (citing **The Plymouth**, 70 U.S. (3 Wall.) 20, 34, 18 L.Ed. 125 (1865)).

In 1948, Congress did away with the requirement that the injury be wholly sustained on navigable waters through its enactment of the Admiralty Extension Act, 46 USC § 740 (prior to re-enactment and re-designation as 46 USC § 30101). The Admiralty Extension Act extended admiralty jurisdiction to certain injuries caused by a vessel on navigable waters but consummated on land. See **Jerome B. Grubart, Inc.**, 513 U.S. at 532, 115 S.Ct. 1043; **Thomey**, 791 So.2d at 138.

Today, the controlling congressional enactment states that "[t]he admiralty and maritime jurisdiction of the United States extends to and includes cases of injury or damage, to person or property, caused by a vessel on navigable waters, even though the injury or damage is done or consummated on land." 46 USC § 30101(a). Although the bounds of admiralty jurisdiction have been expanded to include certain injuries consummated on land, the jurisprudence still dictates that "a party seeking to invoke federal admiralty jurisdiction ... over a tort claim must satisfy conditions both of location and of connection with maritime activity." **Jerome B. Grubart, Inc.**, 513 U.S. at 534, 115 S.Ct. 1043.

■ In accordance with the pronouncement of the United States Supreme Court in **Jerome B. Grubart, Inc.**, *supra*, a tort is maritime in nature and within admiralty tort jurisdiction only if it satisfies two tests. First, the tort must have occurred on navigable waters or, if the injury is suffered on land, must have been caused by a vessel on navigable waters. Second, the tort must bear a significant connection to a traditional maritime activity.[5] See

---

**4.** The question of admiralty tort jurisdiction is determinative with respect to the issue of whether Mr. Welch's claims are subject to the three-year statute of limitations set forth under 46 USC § 30106. Generally speaking, maritime claims brought in state courts are governed by the same principles as set forth in federal maritime law; thus, with admiralty jurisdiction comes the application of substantive admiralty law. See **Giorgio v. Alliance Operating Corp.**, 05–0002 (La. 1/19/06), 921 So.2d 58, 67.

**5.** The second test, i.e., whether the tort bears a significant connection to a traditional maritime activity, consists of two subparts: first,

Quinn v. St. Charles Gaming Co., Inc., 01–0794 (La.App. 3 Cir. 2/6/02), 815 So.2d 963, 966 writ denied, 02–0694 (La. 4/12/02), 813 So.2d 412.

■ In the instant case, we need not determine whether Mr. Welch's claims bear a significant connection to a traditional maritime activity, because we find that there is no factual basis to support invocation of admiralty jurisdiction based upon the first requirement, i.e., location. The jurisprudence is clear with respect to this requirement: "A court applying the 'location' test must determine whether the tort occurred *on navigable water* or whether injury suffered on land was caused by a vessel *on navigable water.*" (Emphasis added.) **Egorov, Puchinsky, Afanasiev & Juring v. Terriberry, Carroll & Yancey,** 183 F.3d 453, 456 (5th Cir. 1999) (quoting **Jerome B. Grubart, Inc.,** 513 U.S. at 534, 115 S.Ct. 1043) (emphasis added). In determining whether the tort occurred "on navigable water," the courts consider "where the alleged wrong took effect". **Egorov,** 183 F.3d at 456.

In support of the exception of prescription, Mr. Daniels submitted an affidavit wherein he acknowledged that Mr. Welch injured himself while attempting to disembark from his boat; specifically, Mr. Daniels admitted that Mr. Welch caught himself on a pin connecting the boat's "bimini top" to its hull while descending from the boat. However, Mr. Daniels stated that, at the time of the incident, "the boat was on a trailer on dry land," and he averred that "the injury did not occur on any navigable waters nor was it caused by a vessel on navigable waters."

In opposition to the exception of prescription, Mr. Welch submitted his own affidavit wherein he stated that the incident was precipitated when Mr. Daniels' boat encountered mechanical problems while navigating Manchac Pass and/or Lake Pontchartrain. Mr. Welch claimed that the mechanical problems required that the boat be towed back to the dock for repairs. He stated that, at the dock, while helping to prepare and secure the boat in order to remove it from the water, he cut his right arm on a part of the "bimini top" that had come undone because it was not in working order. However, Mr. Welch did not allege that the boat was itself in the water at the time of the incident; rather, Mr. Welch stated that "[a]t the time of the accident and injury, the rear wheels of the trailer were still partially in the water, and had not yet been removed from the navigable waterway."

We find it dispositive for purposes of admiralty jurisdiction that Mr. Welch did not dispute Mr. Daniels' sworn statement that the injury did not occur when the boat was on navigable water, and, moreover, that Mr. Welch did not personally attest that the injury occurred when that the boat was on navigable water. As cited above, Mr. Welch claimed that the alleged tort took effect while the boat was on a trailer, at the boat launch, while the back wheels *of the trailer* were still partially submerged in the water. Though the trial court did not offer reasons for judgment, in sustaining the exception of prescription, the trial court necessarily found that the alleged tort was subject to the prescriptive rules set forth under Louisiana law; thus, the trial court implicitly found that the alleged tort was not maritime in nature and did not fall within admiralty tort jurisdiction. Based upon our review of the rec-

the court must assess features of the type of incident involved in order to determine whether the incident has a potentially disruptive impact on maritime commerce, and second, the court must determine whether the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity. See **Quinn,** 815 So.2d at 966 (quoting **Jerome B. Grubart, Inc.,** 513 U.S. at 534, 115 S.Ct. 1043).

ord, we find no error in this ruling. <u>See and compare</u> **Victory Carriers, Inc. v. Law**, 404 U.S. 202, 211–12, 92 S.Ct. 418, 30 L.Ed.2d 383 (1971).[6] Mr. Welch's first assignment of error lacks merit.[7]

### DECREE

For the foregoing reasons, we affirm the judgment of the trial court granting the exception of prescription in favor of the defendant-appellee, Jefferson Mark Daniels, and ordering the dismissal of the claims of the plaintiff-appellant, Eddy Welch, with prejudice. All costs of this appeal are assessed to Eddy Welch.

**AFFIRMED.**

**6.** In **Victory Carriers, Inc.**, the Supreme Court considered whether federal maritime law governed claims by a longshoreman injured on a pier while moving cargo to be loaded aboard a vessel on navigable waters. In declining to extend admiralty jurisdiction to that case, the Supreme Court noted that it "ha[d] never approved an unseaworthiness recovery for an injury sustained on land merely because the injured longshoreman was engaged in the process of 'loading' or 'unloading.'" 404 U.S. at 211, 92 S.Ct. 418 (citing **Gutierrez v. Waterman S.S. Corp.**, 373 U.S. 206, 213, 83 S.Ct. 1185, 10 L.Ed.2d 297 (1963)). Furthermore, the Supreme Court went on to explain: "We are not inclined at this juncture to disturb the existing precedents and to extend shoreward the reach of maritime law further than Congress has approved. We are dealing here with the intersection of federal and state law. As the law now stands, state law has traditionally governed accidents like this one." **Victory Carriers, Inc.**, 404 U.S. at 211–12, 92 S.Ct. 418

**7.** Having found that the trial court properly sustained the exception of prescription in favor of Mr. Daniels, we decline to consider the merits of Mr. Welch's second assignment of error concerning the motion for summary judgment.