STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2020 CA 0807

ALLIANCE HOSPITALITY, L.L.C.

VERSUS

DICKIE J. ESQUIVEL, JOYCE DENINO ESQUIVEL, DANIEL C. ESQUIVEL,
STEPHANIE LEBLANC ESQUIVEL, DONALD P. ESQUIVEL,
CYNTHIA BARRILLEAUX ESQUIVEL, KENNETH J. FREDERIC,
JESSICA CLAIRE LATINO FREDERIC, GENE W. SUELZLE,
PATRICIA JACOB SUELZLE, AND GUILLOT PROPERTIES, L.L.C.

Decision Rendered: **FEB 2 4 2021**

* * * * * * *

ON APPEAL FROM THE
21ST JUDICIAL DISTRICT COURT
TANGIPAHOA PARISH, LOUISIANA
DOCKET NUMBER 2019-0003739, DIVISION C

HONORABLE ROBERT H. MORRISON III, JUDGE

* * * * * * *

| | |
|---|---|
| R. Heath Savant<br>Mark T. Assad<br>Baton Rouge, Louisiana | Attorneys for Plaintiff/Appellant<br>Alliance Hospitality, L.L.C. |
| John M. Dubreuil<br>James L. Bradford III<br>Kirk N. Aurandt<br>Covington, Louisiana<br>and<br>Sidney A. Marchand III<br>Donaldsonville, Louisiana | Attorneys for Defendants/Appellees<br>Dickie J. Esquivel, et al. |

**BEFORE: McDONALD, HOLDRIDGE, and PENZATO, JJ.**

**McDONALD, J.**

A buyer of immovable property appeals a judgment dismissing its breach of contract suit against the sellers as prescribed. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

By cash deed dated March 14, 2007, Dickie J. Esquivel, Joyce Dinino Esquivel, Daniel C. Esquivel, Stephanie LeBlanc Esquivel, Donald P. Esquivel, Cynthia Barrilleaux Esquivel, Kenneth J. Frederic, Jessica Claire Latino Frederic, Gene W. Suelzle, Patricia Jacob Suelzle, and Guillot Properties, L.L.C. (the Esquivels) sold a 2-acre parcel of land in Donaldsonville, Louisiana, to Alliance Hospitality, L.L.C. (Alliance). The cash deed contained the following provision (the no-hotel restriction):

> Sellers covenant and agree that they shall not sell any parcel of land within a One (1) Mile radius of the subject property without first restricting the property to be sold from being used as [a] hotel/motel or tourism court.

After the completed sale, Alliance built a Comfort Inn hotel on the two acres it bought from the Esquivels and began operations in 2009. Alliance alleges that, unknown to it, on or about August 8, 2009,[1] the Esquivels sold adjacent property to KEAS Rental Properties, L.L.C. (KEAS), without including the no-hotel restriction in the sale document. Alliance further alleges that, also unknown to it, on or about August 11, 2014, KEAS sold a parcel of the adjacent property to Vimal Patel, also without the no-hotel restriction. Lastly, Alliance alleges Mr. Patel later built a Holiday Inn Express hotel on the land he bought from KEAS, and he began operations in March 2017, in direct competition to Alliance's Comfort Inn.

On November 25, 2019, Alliance filed the present suit against the Esquivels, alleging the Esquivels' August 2009 sale to KEAS, without the no-hotel restriction, was a clear breach of contract. The Esquivels responded by filing a peremptory exception of prescription and supporting memorandum, claiming Alliance's suit was prescribed, because more than 10 years passed between August 8, 2009, the date of the alleged breach, and November 25, 2019, the date Alliance filed suit. The Esquivels attached

---

[1] The Esquivels contend the sale to KEAS was on August 8, 2008, not August 8, 2009. As later explained, we accept the facts alleged in the petition as true.

2

and referenced several exhibits to and in their memorandum. Alliance filed an opposition memorandum, attaching and referencing one exhibit. In due course, the district court held a hearing on the exception. The parties argued their respective positions, but neither side introduced evidence at the hearing. The district court later signed reasons for judgment, and on April 9, 2020, signed a judgment sustaining the Esquivels' exception and dismissing Alliance's claims against them with prejudice.

Alliance appeals from the adverse judgment, contending the district court erred in dismissing its suit as prescribed. In four assignments of error, Alliance argues the district court committed legal error: (1) by ruling that the prescriptive period began when the contract was breached without Alliance's knowledge, rather than the date Alliance knew or should have known of the breach; (2) in failing to apply the discovery rule under the doctrine of *contra non valentem;* (3) in ruling the prescriptive period began to run before Alliance had a complete and actionable cause of action; and, (4) in relying on irrelevant factual assertions regarding Alliance's purchase of separate unrelated property.[2] Essentially, Alliance contends the doctrine of *contra non valentem* applies, and its suit against the Esquivels is timely, because prescription did not begin to run until March 2017, when Alliance discovered Mr. Patel was operating a competing hotel near Alliance's Comfort Inn.

## DISCUSSION

Appellate review of a judgment ruling on a prescription exception depends on the manner in which the exception is heard. *Templet v. State through DPSC,* 19-0037 (La. App. 1 Cir. 11/15/19), 290 So.3d 187, 191. When a peremptory exception is pleaded before trial, evidence may be introduced to support or controvert the exception when the grounds thereof do not appear from the petition. La. C.C.P. art. 931. In the absence of evidence, the exception must be decided on the facts alleged in the petition, and the court accepts those factual allegations as true. *Quinn v. La. Citizens Prop. Ins. Corp.,* 12-0152 (La. 11/2/12), 118 So.3d 1011, 1017; *Templet,* 290 So.3d at 191. In

---

[2] Although we do not address each assignment of error individually, this decision disposes of the issues raised in assignment of error numbers one through three, and we need not address assignment of error number four because it pertains to evidence this court does not consider.

3

this case, neither the Esquivels nor Alliance introduced evidence at the exception hearing. Although both sides attached documents to their memoranda, and both referenced these documents during their argument at the exception hearing, such documents do not constitute evidence and cannot be considered on appeal. *Denoux v. Vessel Mgmt. Svces, Inc.,* 07-2143 (La. 5/21/08), 983 So.2d 84, 88; *Templet,* 290 So.3d at 191. Accordingly, based solely on the facts alleged in Alliance's petition, this court's role is to determine if the trial court's ruling was legally correct. *Williams v. Genuine Parts Co.,* 14-0857 (La. App. 1 Cir. 1/8/15), 2015 WL 127974 *2.

All personal actions, including an action on a contract, are subject to liberative prescription of ten years, unless otherwise provided by legislation. La. C.C. art. 3499; *Smith v. Citadel Insurance Company,* 19-00052 (La. 10/22/19), 285 So.3d 1062, 1067. The parties do not dispute that the applicable prescriptive period herein is ten years. Generally, on a breach of contract claim, prescription begins from the date the obligor breaches his obligation. *Roba, Inc. v. Courtney,* 09-0508 (La. App. 1 Cir. 8/10/10), 47 So.3d 500, 507.

In its petition, Alliance alleges the Esquivels breached their 2007 sale contract with Alliance by executing the August 2009 sale contract with KEAS, without including the no-hotel restriction in the latter sale contract. Thus, ordinarily, prescription on Alliance's breach of contract claim would have begun on August 8, 2009, the date of the latter sale, and would have expired on August 8, 2019, which is before Alliance filed the present suit on November 25, 2019. Alliance alleges, however, that it did not know nor should it have known that the Esquivels' August 2009 sale to KEAS did not include the no-hotel restriction, nor did it know that KEAS then sold a parcel of the adjacent property to Mr. Patel in 2014, also without including the no-hotel restriction.

Prescription runs against all persons unless exception is established by legislation. La. C.C. art. 3467. Louisiana courts, however, have applied the jurisprudential doctrine of *contra not valentem* as an exception to this statutory rule. *Lomont v. Bennett,* 14-2483 (La. 6/30/15), 172 So.3d 620, 637. The doctrine of *contra non valentem* is based on the premise that, in some circumstances, equity and justice

4

require that prescription be suspended because the plaintiff is unable to exercise his cause of action when it accrues, for reasons outside his control. *See Babineaux v. State, DOTD,* 04-2649 (La. App. 1 Cir. 12/22/05), 927 So.2d 1121, 1124. Louisiana courts have recognized four limited situations when the doctrine applies. Each situation allows the courts to weigh the equitable nature of the circumstances in each individual case to determine whether prescription will be tolled. *Williams v. The Library,* 12-0220 (La. App. 1 Cir. 11/2/12), 111 So.3d 356, 358.

Alliance relies on the fourth category of *contra non valentem,* known as the discovery rule, which provides that prescription begins on the date the injured party discovers or should have discovered the facts upon which his cause of action is based. *Id.* Alliance asserts that Louisiana law is "rife with examples" of the application of *contra non valentem.* Louisiana courts, however, have uniformly held that the discovery rule is only to be applied in exceptional circumstances. La. C.C. art. 3467, Official Revision Comment (d). *For example, see Renfroe v. State ex rel. DOTD,* 01-1646 (La. 2/26/02), 809 So.2d 947, 953; *Gibson v. Jalou Cash's, LLC,* 19-1308 (La. App. 1 Cir. 7/17/20), ___ So.3d ___, ___, 2020 WL 4034776 *4; *Hines v. Browning-Ferris, Inc.,* 46,577 (La. App. 2 Cir. 9/21/11), 73 So.3d 479, 484; *State v. Styron,* 19-874 (La. App. 3 Cir. 7/1/20, 304 So.3d 563, 569; *FMB Development, L.L.C. v. Hibernia Natl. Bank,* 16-1057 (La. App. 4 Cir. 7/12/17), 224 So.3d 431, 438, n.5; *In re Guidry,* 17-105 (La. App. 5 Cir. 8/30/17), 225 So.3d 1169, 1174-75. This doctrine will not exempt the plaintiff's claim from the running of prescription if his ignorance is attributable to his own willfulness or neglect; that is, a plaintiff will be deemed to know what he could have learned by reasonable diligence. *Renfroe,* 809 So.2d at 953. When a party has enough information to incite curiosity, or to put a reasonably minded person on guard and call for inquiry, he has the constructive knowledge necessary to start the running of prescription. *Hunt Guillot and Assoc., LLC v. Clark,* 53,434 (La. App. 2 Cir. 4/22/20), 293 So.3d 1278, 1284-85; *see Williams,* 111 So.3d at 359. Courts refuse to apply the discovery rule when the plaintiff's lack of diligence is the basis of his failure to assert a cause of action, and the facts giving rise to his cause of action are reasonably knowable

5

within the prescriptive period. *Renfroe,* 809 So.2d at 954; *Williams,* 111 So.3d at 360; *Babineaux,* 927 So.2d at 1125.

In this case, Alliance alleges Mr. Patel built a Holiday Inn Express hotel in March 2017, in direct competition to Alliance's Comfort Inn. This admitted fact shows that Alliance had sufficient information, no later than March 2017, to incite its curiosity and to inquire as to whether the Esquivels breached the no-hotel restriction contained in the parties' March 2007 sale. With reasonable diligence, one option being a simple search of the nearby parish conveyance records, Alliance could have easily learned that the Esquivels' 2009 sale to KEAS did not include the no-hotel restriction. Contrary to Alliance's argument, it had notice of a possible problem, and such a public records search for evidence of the Esquivels' sale of any property within a single one-mile radius of Alliance's parcel of land would not have been unreasonable or unduly burdensome. Thus, at the very least, Alliance's petition shows that, in March 2017, it knew or should have known of the Esquivels' alleged breach of contract, which was well over a year before the end of the applicable ten-year prescriptive period, and over two and one-half years before Alliance actually filed suit. Nothing prevented Alliance from asserting its cause of action between March 2017 and August 8, 2019, the end of the applicable prescriptive period.

We will not apply the discovery rule when Alliance's lack of diligence is the basis for its failure to assert its breach of contract cause of action, and the facts giving rise to its cause of action, *i.e.,* the opening of the Holiday Inn Express, were reasonably knowable within the applicable prescriptive period. *See Williams,* 111 So.3d at 360. The exceptional circumstances rooted in equity and justice that warrant the application of *contra non valentem* are absent here. The district court's ruling was legally correct.

When the grounds of a peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception *shall* order such amendment within the delay allowed by the court. La. C.C.P. art. 934 *(emphasis added); Templet,* 290 So.3d at 192. Here, the judgment is silent on whether Alliance's petition could be amended to remove the grounds of prescription; we interpret this silence as the district

6

court's refusal to allow the amendment. *See Templet,* 290 So.3d at 192. Where a plaintiff's cause of action is prescribed on its face, and the plaintiff had an opportunity but failed to introduce evidence at the hearing of a peremptory exception that its claim was timely filed, the plaintiff fails to adequately establish that amendment of its petition might remove the grounds of the objection. *Bailey v. Loewe,* 19-1201 (La. App. 1 Cir. 7/23/20), ___ So. 3d ___, ___, 2020 WL 4217631 *4-5. We find no reason to grant Alliance an opportunity to amend its petition.

## CONCLUSION

For the above reasons, the April 9, 2020 judgment sustaining the peremptory exception of prescription filed by Dickie J. Esquivel, Joyce Denino Esquivel, Daniel C. Esquivel, Stephanie LeBlanc Esquivel, Donald P. Esquivel, Cynthia Barrilleaux Esquivel, Kenneth J. Frederic, Jessica Claire Latino Frederic, Gene W. Suelzle, Patricia Jacob Suelzle, and Guillot Properties, L.L.C., and dismissing Alliance Hospitality, L.L.C.'s claims against these named defendants with prejudice, is affirmed. We assess costs of this appeal to Alliance Hospitality, L.L.C.

**AFFIRMED.**